MARY M. H. CLARK, Respondent, *v.* AUGUSTA CLARK,
Impleaded, etc., Appellant.

1. WILL — TERMINATION OF TRUST — ANNUITY — DOWER. Where the
evident intention of a will is to put all the testator's property in trust to
secure an annuity to his widow until his youngest child reaches his
majority, and then to end the trust and give the estate over to the chil-
dren, subject only to the further payment of the widow's annuity for life,
with a provision that the property set apart to produce the annuity shall
be divided among the children on the widow's death, and the effect of the
will is to make the annuity, from the majority of the youngest child, a
legacy payable by the executors as such, there being sufficient personal
property for the purpose at the testator's death, but secured by a charge
upon the realty in case of a deficiency in the personalty, instead of con-
tinuing the trust for the widow's benefit, or creating a power in trust, the
realty so vests in the children on the termination of the trust on the young-
est child's reaching his majority, subject to the charge upon it of the
widow's annuity in case of deficiency and the necessary postponement of
the ultimate possession, that the right of dower of the wife of a son of the
testator in his share of the realty then devolved will become consummate
on such son's dying subsequent to such devolution of the estate but dur-
ing the lifetime of the testator's widow.

2. PRIORITY OF DOWER OVER ANNUITY. In such a case, where the
annuity, by reason of there being sufficient personal property at the death
of the testator to furnish it, did not become a charge upon the land by
force of the original devise, the right of dower of the wife of a son of the
testator in the shares in the realty taken by him through the devise will
have a priority over the right of the annuitant, which will not be affected
by an arrangement made between the annuitant and the devisees after the
right of dower attached, making the annuity a charge upon the land.

3. PRIORITY OF ANNUITY OVER DOWER. Where, however, the son of
such testator obtained a part of the testator's realty by conveyances made
between the devisees and the annuitant, by which such part was subjected
to the lien of the annuity on the passage of the title to him, the right of
dower of his wife as to such part of the estate is subordinate to the lien of
the annuity.

(Argued December 2, 1895; decided December 10, 1895.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made September 12, 1895, which affirmed a final judg-

ment in favor of plaintiff, rendered at Special Term, July 25, 1895, awarding the plaintiff dower and damages for the withholding of the same.

The plaintiff is the widow of George H. Clark, who was a son of George Clark. The father died in 1871, owning both real and personal property, and leaving a will, which was duly proved. The defendant, Augusta Clark, is the widow of the testator.

The questions presented by this appeal, and the facts connected therewith, are stated in the opinion.

*Walter C. Anthony* for appellant. The plaintiff is not entitled to dower in the lands in question, for the reason that her husband was never seized of them, or of any portion of them, either in fact or in law. (4 Kent's Com. § 43 ; *Phelps* v. *Phelps*, 143 N. Y. 197 ; Perry on Trusts, §§ 318, 320, 322, 323 ; *In re Ransom*, 17 Fed. Rep. 331 ; *In re Cregier*, 1 Barb. Ch. 598 ; *Dunham* v. *Osborn*, 1 Paige, 634 ; *Reynolds* v. *Reynolds*, 5 Paige, 161 ; *T. T. Co.* v. *Chicago*, 123 N. Y. 44 ; *In re Tienken*, 131 N. Y. 391 ; *Townsend* v. *Frommer*, 125 N. Y. 446 ; *Leggett* v. *Perkins*, 2 N. Y. 297 ; 4 R. S. (8th ed.) 2438, §§ 60, 67 ; *Lahey* v. *Kortright*, 132 N. Y. 450 ; *Marx* v. *Mc-Glynn*, 88 N. Y. 358 ; Jarman on Wills, §§ 1141, 1142, 1155 ; *Ward* v. *Ward*, 105 N. Y. 74 ; *Bradley* v. *Amidon*, 10 Paige, 235 ; *In re Carpenter*, 131 N. Y. 86 ; *Cochrane* v. *Schell*, 140 N. Y. 516 ; *Tobias* v. *Ketcham*, 32 N. Y. 319 ; *Kane* v. *Astor*, 5 Sandf. 467 ; *Bradstreet* v. *Clark*, 12 Wend. 602 ; *Cowenhoven* v. *Schuyler*, 2 Paige, 122 ; *Wager* v. *Wager*, 96 N. Y. 164.) The trust was not terminated by the act of the parties interested where the estate was divided and the annuitant agreed to look to each portion separately for half of her annuity. Any act of the trustees in contravention of the trust is void. (4 R. S. 2439, §§ 63, 65 ; *Smith* v. *Bowen*, 35 N. Y. 83 ; *McSorley* v. *Wilson*, 4 Sandf. Ch. 515 ; *Douglas* v. *Cruger*, 80 N. Y. 15 ; *Cochrane* v. *Schell*, 140 N. Y. 516.) The admissions in the answer do not estop the annuitant from claiming her rights under this trust. (*Douglass* v. *Cruger*, 80

N. Y. 20; *Marvin* v. *Smith*, 46 N. Y. 575; *People ex rel.* v. *Comrs. of Highways*, 54 N. Y. 276.) The union in the annuitant of an interest as trustee and as *cestui que trust* did not extinguish the trust. (*In re Shepherd*, 57 N. Y. S. R. 562; *Asche* v. *Asche*, 113 N. Y. 322.) Even if it should be decided that after the majority of the testator's youngest child the trust was ended, and nothing remained in the executors but a power, the plaintiff would not be entitled to dower. (4 R. S. 2447, §§ 94, 95; *De Peyster* v. *Glendenning*, 8 Paige, 295; *Delafield* v. *White*, 19 Abb. [N. C.] 104; 4 R. S. 2448, §§ 96, 101; *Holly* v. *Hirsch*, 135 N. Y. 596; *Arnold* v. *Gilbert*, 5 Barb. 190; Perry on Trusts, §§ 249, 322; Lewin on Trusts, § 938; *Savage* v. *Burnham*, 17 N. Y. 561; *Lent* v. *Howard*, 89 N. Y. 169; *Moriarta* v. *McRea*, 45 Hun, 564; *Durando* v. *Durando*, 23 N. Y. 331; *House* v. *Jackson*, 50 N. Y. 161; *Reynolds* v. *Reynolds*, 5 Paige, 161; *In re Creiger*, 1 Barb. Ch. 598; *Leach* v. *Leach*, 21 Hun, 381; *Stafford* v. *Stafford*, 7 Paige, 598.) The annuity being willed to the testator's widow in lieu of dower, was not canceled merely because the testator left enough personal property to have provided a fund to yield such annuity. (*Arundel* v. *Arundel*, 1 M. & Keen, 316; *Davies* v. *Wattier*, 1 S. & S. 463; *Howard* v. *Francis*, 30 N. J. Eq. 447; *Merritt* v. *Merritt*, 43 N. J. Eq. 11; *Stewart* v. *Chambers*, 2 Sandf. Ch. 382; *Borden* v. *Jenks*, 140 Mass. 562; 2 Williams on Ex. 1402; *Rowe* v. *Lansing*, 53 Hun, 210; *Blauvelt* v. *De Noyelles*, 25 Hun, 590; *Pierrepont* v. *Edwards*, 25 N. Y. 128.) The estate which the defendant acquired from her daughter Martha, by descent, and from her son Robert S., by devise, has not been properly recognized or protected by the judgments herein. She had thus taken a life estate in an undivided one-half of said lands, and while this continued it would prevent plaintiff from obtaining any dower right in that share. (*Durando* v. *Durando*, 23 N. Y. 331.) The error and injustice of the decree in directing a sale of the lands in question is shown by the fact that the annuitant had a right to the income in future years to make good deficiencies

in her annuity. (*In re Chauncey*, 119 N. Y. 77; *Stewart v. Chambers*, 2 Sandf. Ch. 422; *Thurber v. Chambers*, 66 N. Y. 42; *Stimson v. Vroman*, 99 N. Y. 80.)

*Joseph M. Pray* for respondent. The questions raised on the part of the appellant should not be considered by this court upon this appeal, because such questions cannot arise upon the pleadings. (*People v. Remington*, 121 N. Y. 328; *Cumberland v. Coddington*, 2 Johns. Ch. 229.) The question of the existence of a trust or of a power in trust at the commencement of this action has not been raised in the pleadings nor upon the trial. (*Post v. M. R. Co.*, 125 N. Y. 697; *Varian v. Johnston*, 108 N. Y. 645–647; *Smith v. Smith*, 125 N. Y. 224; *Adams v. I. Bank*, 116 N. Y. 606.) The judgment as finally rendered at Special Term is one that has been moulded to suit the parties to this litigation, and they have the right to come to such agreement in the case as they deem for their best interest. (*In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *H. K. B. Co. v. Cooper*, 114 N. Y. 388; *Bleakley v. Sullivan*, 140 N. Y. 175; *Cochrane v. Schell*, 140 N. Y. 526; *People v. City of Troy*, 82 N. Y. 395; *Fleischman v. Fleischman*, 80 Hun, 90; *Grow v. Garlock*, 29 Hun, 598.) If it be held that the executors took by the will of George Clark any interest at all after the time for the division of the property had arrived, it could be only a mere power, and was not a trust. (*Tucker v. Tucker*, 5 N. Y. 408.) The well-settled principles of equity providing for the extinguishment of appellant's claims dispose of the questions raised by the appellant. (Matthews on Pres. Ev. 107, 108; *Williams v. Crary*, 5 Cow. 368; 2 Story Eq. Juris. §§ 633, 1077; *Coates v. Cheever*, 1 Cow. 460; *Cheeseborough v. Millard*, 1 Johns. 685; *Asche v. Asche*, 113 N. Y. 232; *Harris v. Fly*, 7 Paige, 421; 15 Am. & Eng. Ency. of Law, 318, 319; *Knolls v. Barnhart*, 71 N. Y. 474.)

FINCH, J. This action was brought to recover dower in the premises described in the complaint. The property passed

under the will of the father of plaintiff's husband, and her
right is first assailed upon, the ground that by the true con-
struction of that will the husband was never seized in fact or
in law of any estate in the land to which dower could attach.
It is claimed that under the will a trust was created which
vested title and possession in the trustees, so continuing
from the death of the father to and beyond the decease of the
son, whereby seizin was denied to the latter, and, as a conse-
quence, dower did not attach.   There was a trust created by
the will, but I think it ended when the youngest of testator's
children became of full age.   That child was Robert S. Clark,
who reached his majority in March of 1876.   The language
of the will in creating the trust is very definite and explicit,
and is this : " I give, devise and bequeath unto my executrix
and executors all the rest, residue and remainder of my estate,
real and personal, so long as my youngest child shall live, but
not after the majority of such child shall be reached, upon
trust to take charge and possession of the same," etc.   It not
only prescribes the period during which the trust shall con-
tinue, measuring it by the minority of the youngest child, but
it adds negative words forbidding its continuance longer.
In the face of these explicit provisions we are asked to
extend the trust term for the life of the testator's widow, by
an implication derived from some further provisions of the
will.   The purpose of the trust was to secure to the testator's
widow an annuity of $1,500, and to make needed advances
to the children.   The will added, upon the death or majority
of the youngest child, the following provision : " So much
of my property shall be set apart as will produce an annual
income of $1,500, which shall be paid to my wife during her
life in half-yearly payments, and the rest, residue and
remainder shall be divided among my children."   There was
a further provision that upon the death of the wife the prop-
erty set apart to produce the widow's annuity should be
distributed in the same manner.   The evident scheme of the
will, therefore, was to put all the property in trust until the
youngest child should reach his majority, and then end

the trust and give the estate over to the children, subject only to the further payment of the widow's annuity. It may be admitted that a trust to secure that payment might have been convenient, but it was certainly not necessary. The annuity was a legacy, in a possible contingency charged upon the land, but still a legacy which the executors could pay in the orderly and proper performance of their official duty, and which did not make necessary the prolongation of the trust. There was an abundance of personal property at testator's death to furnish the capital which would produce the income, and he deliberately chose, by the language he used, to put the widow at first in the attitude of a trust beneficiary while a trust was needed to enable advances to be made to the children, but when that necessity disappeared through the direct gift to the children to leave her a legatee, having for her security a charge upon the property. A trust by implication involves a supposed intention to create one on the part of the testator, but I think cannot be raised where the will expressly or explicitly negatives any such intention. At all events there is no such necessity as would justify a disregard of the testator's manifest purpose to end the trust at the majority of the youngest child.

It is then said that if there was no trust there was at least a power in trust. But no power as such was conferred or sought to be conferred. All that we find is a legacy of an annuity and a duty of paying it imposed upon executors, a duty which they were perfectly able to perform by force of their official character, as they were situated when the will took effect. As there was no need to arm them with any additional power emanating from the testator, so none was created, and they were left as executors to pay the annuity to the legatee. That legatee of course took no life estate in the property held by the executors, as the appellant further contends, but simply held the right to be paid the annuity out of the assets in their hands.

I see no reason, therefore, to doubt that when Robert came of age in 1876 the trust term ended, and the property vested

in the four children, subject to the charge upon it of the widow's annuity and the necessary postponement of the ultimate possession. At that date, therefore, the plaintiff's husband became seized of an undivided fourth part of the real estate, subject, it may be conceded, to the lien upon it of the widow's annuity in case of deficiency. The plaintiff's right of dower, therefore, attached and became consummate upon the death of her husband in May, 1888.

Before that date two of testator's children had died. Robert S., the youngest son, who came of age in March of 1876, died in August of that year, leaving a last will by which he gave to his sister Martha one-fifth of all his estate absolutely, and the remaining four-fifths to his mother for life, with remainder over to his brother George. Martha died intestate and without issue in July of 1877, and her whole estate vested in George and the remaining sister, Mary A. Townsend, subject to the life estate of their mother. At that date the whole real estate became vested in those two children, subject to the possible charge of the widow's annuity and to her life estate in four-fifths of one-quarter which came from Robert, and her life estate by descent in the property of Martha. To the extent of two shares or one-half of the land any charge of the annuity upon it became necessarily merged, since taking the income as owner she could not have also a lien upon it as legatee. Such lien was lost in the title. Thereafter a new arrangement was made in the nature of a partition. The widow conveyed her life estate to the two surviving children; they quit claimed to each other a specific half to be held in severalty, and the lien of the widow for her legacy of $1,500 was by agreement charged, one-half upon the lands of each, she at the same time selling and conveying to the children for $5,000 her interests outside of the annuity. The plaintiff's husband thereby became seized of two of the original quarter shares which passed under the will, but charged with the lien of the widow for one-half of the annuity. On his death the plaintiff became entitled to dower in both quarters, and the only remaining question is one of priority between the

annuitant and the dowress. As to the one-quarter which the son took directly from his father, it is to be observed that the findings show a sufficient amount of personal property at the death of the testator to furnish the necessary income. The annuity did not thus become a charge upon the land by force of the original devise, but gained its hold after the dower had attached in behalf of the plaintiff by reason of the subsequent stipulation between the parties. That arrangement, of course, could not affect the wife's right, and so as to one-quarter of the original devise, which became one-half of her husband's ownership, her right had priority and preference over that of the annuitant. But as to the other quarter which was acquired by the conveyances made, which by agreement subjected the title as it passed to the lien of a proportionate part of the annuity, the preference and priority belong to the legatee. The husband took the estate and the necessary seizin incumbered by the annuity and the right of the dowress was subordinate to the existing incumbrances. That was the conclusion of the General Term. The attack upon it now proceeds upon the theory that the annuity became a charge upon the whole real estate of the testator and followed it through all its changes to its ultimate destination and so took precedence of the after accruing dower. While it is admitted that there was no deficiency of personal assets for the payment of the annuity at the death of the testator and so no liability of the land, it is insisted that when the trust ended and the estates devolved there was such a deficiency and the lien arose. There is no finding of any such fact and no request to find it, and we are not at liberty to search the evidence to discover a fact for the purpose of reversing the judgment. Indeed, a broader view of the situation is possible. The only definite complaint of the annuitant is over the alleged loss of some arrears of the annuity which her counsel would make good at the expense of plaintiff's dower. But the time to collect them if they existed has come and gone. The voluntary partition and the contract which followed it was intended plainly for a final settlement

between the parties, leaving nothing at large or undetermined. While the defendant in making her conveyance was careful to reserve her rights under the will, she followed that by a new arrangement which took her annuity out of the operation and protection of the will and furnished for it an entirely new sanction dependent upon a voluntary contract. When she made that agreement, which for the first time divided the annuity and charged it in separate proportions upon the lands in severalty, she knew perfectly well whether or not there were any unpaid arrears, and if there were that the occasion and purpose required them to be asserted and provided for. Either they had no existence, or were merged in the price which she received for her life estates, or were waived and abandoned, since the only charge upon the land for which she stipulated, and which she claimed was for the annuity thenceforward. When it is recalled that the plaintiff's husband willed all his property to the annuitant, leaving the plaintiff with no provision but her dower, the demand that such dower should be diminished by past arrears, unclaimed and unasserted when the final settlement was made, seems to me to have no equity behind it. On the whole case, and taking into view all its complications, I think the conclusion of the General Term was right.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.