■ BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendant.—In an action to compel the determination of a claim to real property, the defendant County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered May 5, 1987, which, upon granting the plaintiff's motion for summary judgment, awarded the plaintiff full exclusive title and possession of certain property.

Ordered that the judgment is affirmed, with costs.

The 1963 conveyance of surplus Federal realty was made to Nassau County "for the uses and purposes of the Vocational Education and Extension Board of the County of Nassau" (hereinafter VEEB). VEEB covenanted that for the next 20 years the property would be used for educational purposes, that annual utilization reports would be filed with the Federal Government, and that conveyance of or encumbrances on the property would require prior Government approval. Breach of any of these covenants would cause reversion of title to the United States.

In 1968, by express agreement, VEEB's educational functions on this property were assumed by the plaintiff Board of Cooperative Educational Services of Nassau County (hereinafter BOCES). Thereafter BOCES was in possession of the property. BOCES fulfilled the covenanted duties under the deed. As the expiration of the 20-year covenant period neared, BOCES requested that the county convey title to the property to BOCES; however, the county declined.

BOCES commenced the present action for a determination of title, alleging the conveyance from the Federal Government to be in trust for the benefit of BOCES. The Supreme Court correctly so determined. The record clearly indicates that the United States had legal title conveyed to Nassau County for the uses and purposes of VEEB because VEEB was incapable of owning real property (Education Law § 1102). The language of the deed evidences an intent that the conveyance be in trust *(see,* Restatement [Second] of Trusts § 24). The Federal Government sought to convey directly to the educational

entity which would occupy the premises in compliance with the covenants but only because of VEEB's incapacity was it forced to include the county. BOCES, as VEEB's successor, is entitled to VEEB's assets (Education Law § 1102 [10]) and is not precluded from taking title in its own name (Education Law § 1950 [4] [t], [v]). As the statutory preclusion is no longer a bar, the purpose of the trust has ceased and consistent with the intention of the United States, the estate of the county as trustee is at an end (EPTL 7-2.2). As no reversion to the settlor is now possible, the corpus belongs to the beneficiary in fee simple absolute (cf., Clark v Clark, 147 NY 639).

Moreover, since the covenants were satisfied in December 1983, the county has had no further duties as trustee and at such time the trust became passive (see, 61 NY Jur, Trusts, § 42). Under such a trust the property shall be disposed of "directly to the person in whom the right to possession * * * is intended to be vested" (EPTL 7-1.2). BOCES is that intended possessor. The remaining contentions of the county are without merit. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.