In the Matter of the Judicial Settlement of the Accounts of WILLIAM COLLINS, as Executor, etc.

The will of C. gave to his wife the use and income of his residuary estate during her widowhood; in case she re-married she was given the use of a house and lot specified during life and an annuity of fifty dollars, the residue of the income to be divided between the testator's children until the youngest arrived of age. At that time, if the widow had re-married, all of the estate, except said house and lot, and the amount set apart to raise the annuity, the will directed, should be divided between the children. At the death of the widow, it was directed that the house and lot should be sold by the executors and the proceeds divided among the testator's " descendants." The testator left three children. W., one of them, was one of the executors. The widow re-married. The executors rendered

an account.  The decree, upon settlement thereof, showed a small balance in their hands, which they were directed to and did distribute. After the coming of age of the testator's youngest child, W. purchased of the other two children, and they conveyed to him, their interest in the testator's real estate, except said house and lot.  It was agreed between them that the sum of $1,000 should remain in his hands to be invested for the purpose of paying the annuity, each to contribute one-third thereof. The vendors' portions were deducted from the purchase price of their interests.  In proceedings for an accounting by W., commenced after the death of the widow, he was sought to be charged as testamentary trustee for the $1,000 and income thereof.  *Held,* untenable; that no trust was created by the will, but purely legal estates were devised, which vested in the devisees at once upon the death of the testator; that the fund in the hands of W. was the property of the three children, held and managed by him as agent, and formed no part of the testator's estate. Reported below, 70 Hun, 273.

(Argued January 17, 1895; decided January 29, 1895.)

APPEAL from a portion of the order of the General Term of the Supreme Court in the first judicial department, made June 30, 1893, which reversed a decree of the Surrogate's Court of the county of New York entered upon an accounting of the executor of the will of John G. Collins, deceased, and which remitted the proceedings to that court for a further accounting.

John G. Collins died in 1858.  His estate consisted of personal property, a piece of real estate, No. 41 Wooster street, New York city, and another piece in Eighty-fourth street. His will was admitted to probate September 20, 1858.  It provided that, during her widowhood, his wife should have the net income of his property in Wooster street for the support of herself and their children.  He also gave her certain personal property absolutely and the interest and income, use and benefit of all the residue of the testator's estate during her widowhood.  In case, however, she re-married she was restricted to the use during her life of the house and lot in Eighty-fourth street, sometimes called the house in Yorkville, and an annuity of fifty dollars, the income of the estate, except the annuity and Eighty-fourth street house, to be divided between the testator's children until his son George

W., who was his youngest child, arrived at age. At that time, if the widow had re-married, all the estate, except the Eighty-fourth street house and the amount set apart to raise her annuity of fifty dollars, it was directed should be divided between the children. At the death of the widow the Eighty-fourth street house was directed to be sold by the executors, and the proceeds thereof, and of all the residue estate, divided between the testator's " descendants."

The testator left him surviving his widow and three children, William, John W. and George W. Collins, the two latter then being infants. In 1860 the widow re-married Daniel Saunders. In 1861 William Collins and John Findley, the only executors who qualified, rendered an account in this court. The usual proceedings were had and a decree was entered June 1, 1861, showing a balance in their hands of $523.36, which they were directed to distribute. The rents of the Wooster street property were received by William Collins, as executor, from the time of his mother's re-marriage in 1866 until the property was sold to him as hereinafter stated. George W. Collins, the youngest son, became of age in August, 1866. In May, 1867, William Collins purchased from his two brothers their interest in the Wooster street property. In April, 1874, the Eighty-fourth street property was sold to Abbie M. W. Peffers. The conveyances were made, one by William Collins, as executor, the other by Mary Saunders, the widow, William and John W. Collins and their wives and George Collins.

John W. Collins died January 7, 1877, leaving a widow, also one child named Emma L. Collins.

Mrs. Saunders died in October, 1886.

Emma L. Collins, the general guardian of Emma L. Collins, who is an infant, on January 13, 1890, filed her petition setting forth, among other things, that William Collins was the sole surviving executor of John G. Collins; that by reason of the death of John W. Collins, her father, said infant was entitled to a distributive share in the undistributed proceeds of the estate; that various pay-

ments had been made to the general guardian on account of such distributive share, and that the petitioner believed that other funds had not been accounted for or distributed. The prayer was that the executor be required to account. On January 13, 1890, the said executor filed a petition that all parties in interest be cited to attend upon such accounting, and thereafter and on March 3, 1890, an account was filed.

It appeared that when John W. and George W. sold their shares in the Wooster street property to William they made an agreement in writing that a fund of $1,000 should be set apart to raise the annuity of fifty dollars for the widow, to which fund each should contribute one-third; this fund to be left in the hands of William; the shares of John W. and George W. to be contributed out of their shares of the purchase money due from William on the Wooster street property. It does not appear that Mrs. Saunders objected to this arrangement.

It was claimed on behalf of Emma L. Collins that this fund, or at least so much of it as was contributed thereto by John W. and George W., together with any interest realized thereon in excess of fifty dollars, the amount of the annuity, should be accounted for as assets of the estate.

The appeal to this court was from that portion of the order of the General Term of the Supreme Court which directs that the proceeding be remitted to the surrogate for an accounting of the executor as such, instead of directing its remission for an accounting by him, as trustee, under the will of the said deceased; "and in so far as its fails to make provision for an accounting by said William Collins as such trustee."

*Jacob S. Van Wyck* for appellant. The will created a valid trust for the widow's annuity, and, although there are no words of gift to the trustee for the purposes of the trust, it must be presumed that the testator meant to give it. (*T. G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 44.) If the direction by the testator to have his executors make the necessary provision for the payment of the annuity to his widow does

not directly or by implication create a trust estate, it, at least, creates a power in trust, for which William Collins, as trustee, was liable to account, since he assumed to act, and did act, under it. (*Lang* v. *Ropke*, 5 Sandf. 373.) A trust to pay annuities is valid, and even if the widow had released the Wooster street property from the payment of her annuity (which she did not), the fund set apart for the trust was created under the directions of the will, and, as a trust fund, was to have an existence during the life of the widow, and "at her death * * * to be divided between (his) my descendants according to law." She might extinguish her annuity, but she could not the trust fund created for it. (R. S. § 55; *Hawley* v. *James*, 16 Wend. 117.) Every trust power, unless its execution or non-execution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled in equity for the benefit of the parties interested. (*Delaney* v. *McCormack*, 88 N. Y. 181; *Mott* v. *Ackerman*, 92 id. 553; *Earle* v. *Earle*, 93 id. 110.) The will of John G. Collins creates a general power in trust as to the Yorkville or Eighty-fourth street property. (*Lang* v. *Ropke*, 5 Sandf. 373; *Delaney* v. *McCormack*, 88 N. Y. 175.) The General Term was wrong in holding that the children of John G. Collins took a vested remainder in the property situated in Eighty-fourth street, instead of holding that it was a future estate, vested in his children who were living at the time of his decease, subject, however, to being divested by the contingency of their not surviving his widow. This contingency (death, before the widow) having occurred in the case of John W. Collins, a son, he became divested of his future estate, and his only child, Emma L. Collins, the objectant herein, became absolutely vested with a distributive share in said property, as a descendant of the testator, by reason of her having survived the widow. (*Sheridan* v. *House*, 4 Keyes, 588; *Moore* v. *Littel*, 41 N. Y. 66; *Delaney* v. *McCormack*, 88 id. 183; *Campbell* v. *Rawdon*, 18 id. 415.; *Teed* v. *Norton*, 60 id. 506.) William Collins having exercised the functions

of trustee for thirty years under said will, and the beneficiaries named therein having relied upon his right to act as such, he now is estopped from denying the trust, but must account for the trust funds. Otherwise, he would be able to take the advantage of his own wrong by pleading the Statute of Limitations, and in other ways. (*Favill* v. *Roberts*, 50 N. Y. 226; *Randall* v. *Dusenbury*, 63 id. 545; *In re Camp*, 126 id. 389.)

*Robert Hunter McGrath, Jr.,* for respondents. The only question that is raised by this appeal is whether or not the judgment of the General Term is erroneous in omitting to order William Collins, executor, to render his account as trustee. (*Kelsey* v. *Western*, 2 N. Y. 500; *Robertson* v. *Bullions*, 11 id. 243.) The testator by his will creates no trust, appoints no trustee, and William Collins cannot legally be required to account as trustee. (*Mott* v. *Ackerman*, 92 N. Y. 552; *Bain* v. *Matteson*, 54 id. 663.) The fund of $1,000 raised by the testator's three sons to provide for the payment of the annuity to the widow is not a trust fund, and William Collins cannot legally be compelled to account for it as trustee. (*Lang* v. *Ropke*, 5 Sandf. 363, 379; *Hawley* v. *James*, 16 Wend. 60; *Griffin* v. *Ford*, 1 Bosw. 123, 143, 144; *Maurice* v. *Graham*, 8 Paige, 483, 487; *Hunter* v. *Hunter*, 17 Barb. 25, 90; *Mason* v. *Jones*, 2 id. 229, 247.)

Finch, J. The appellant's argument covers an area very much beyond the scope of the real questions involved in this appeal. Those are only whether the executor, ordered to account as such for the proceeds of real estate sold under a power of sale given by the will, should account also in the character of a testamentary trustee, and whether the accounting should include a sum of one thousand dollars which, by arrangement among three of the devisees, was used to produce an annuity of fifty dollars bequeathed to the widow. There is hardly room for argument over either question. The will creates no trust in the real estate, either directly or by impli-

cation. Purely legal estates were devised, and those vesting at once in the devisees upon the death of the testator, and involving no duty beyond that which an executor is competent to perform. What is known as the Wooster street property, and the Yorkville house and lot, constituted the whole of testator's real estate. His personal property was all exhausted and has been fully accounted for. The widow was given the income of all the real estate until her re-marriage, which occurred within two years after testator's death, and upon such second marriage she was to have only an annuity of fifty dollars, and a life estate in the Yorkville property. All the residue was to be divided among the three children. Thereby the fee of the real estate was vested in them, incumbered only by the widow's life estate and the charge of the annuity. In this disposition there is no trace of trust or trustee; nor the least need of either; and only the ordinary case of a devise of purely legal estates. The executor as such joined with the widow and devisees in a sale of the Yorkville property and has been ordered to account for the proceeds. Whether the power of sale was applicable to the situation, or the title transferred vested wholly upon the deed of the devisees, is a question not before us. The executor took the proceeds in his representative character and has been ordered to account for them, which was entirely proper. (*Hood* v. *Hood*, 85 N. Y. 570.) What more could be asked or required it is difficult to see. The defendant sold the land and received the proceeds, either as agent for the owners or as executor under a power of sale, but never as a testamentary trustee dealing with a trust estate vested in him by the will. To insist upon treating his act as done in the latter character is not only without adequate reason but would confuse and complicate a very plain situation, and peril the admitted rights of the parties interested.

The annuity of fifty dollars to the widow was probably a charge upon the Wooster street property which, after the widow's marriage, belonged entirely to the three children. The personal estate was exhausted, the income of the York-

ville property belonged to the widow, and so the annuity became a charge upon the only remaining real estate in the hands of the children. They so regarded it. The will had directed them to make necessary provisions for its payment. The direction created no trust, set apart no trust fund, but left the executors free to provide for it out of the estate. The three devisees of the Wooster street property, to exonerate their land from the charge, contributed each one-third of one thousand dollars, and that sum was placed in the hands of William to obtain by investment the needed annuity. That fund was all the time the property of the three children and never belonged to or formed any part of the testator's estate. It was held and managed by William as agent of the devisees, and its annual income alone was payable by him as such agent in discharge of the annuity. When, by the death of the widow, the annuity ended, the purpose of the fund was accomplished, and it reverted to the sons freed from the charge upon it. If William holds it still it is not in the character of executor or as part of testator's estate.

There was no error of which the appellant can complain and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.