(54 Misc. Rep. 481.)

REID v. BROWN.

(Supreme Court, Special Term, New York County.   May, 1907.)

WILLS—ANNUITY—ELECTION BY ANNUITANT.
     Where an executrix under the will is required to invest a certain sum
     in the purchase of an absolute annuity, the annuitant may elect to take
     the capital sum, instead of having it invested for the purchase of an an-
     nuity.

Action by Antionette Marsh Reid against Elizabeth Brown to con-
strue a will.   Judgment for plaintiff.

Deyo, Duer & Bauerdorf, for plaintiff.
William H. L. Lee, for defendant.

TRAUX, J.   This is an action brought to obtain a construction of
the following clause of the will of Edward J. Brown, deceased:

     "(5) I give and bequeath to Antoinette Marsh Reid, wife of Willard C.
Reid, such annuity, payable half-yearly during her life, as the sum of fifteen
thousand dollars will purchase.   I direct my executrix or executrices to ex-
pend the sum of fifteen thousand dollars out of my estate in the purchase
of such annuity, payable to said Antoinette Marsh Reid half-yearly during
her life, by such insurance company or companies or other corporation or
corporations as my executrix or executrices may select."

Clause 6 provides that, "in case the said Antoinette Marsh Reid
shall die before me, I give and bequeath the said sum of fifteen thou-
sand dollars" to various charitable corporations.   The plaintiff, Mrs.
Antoinette Marsh Reid, has survived the testator and has elected to
take the sum of $15,000, instead of the annuity which might be pur-
chased therewith, and brings this action to have it established that she
is entitled so to do.   The answer admits that the plaintiff has under-
taken to make such election, but denies that she has any right of elec-
tion.

The annuity to Mrs. Reid being absolute and unqualified, and the
executrix being instructed to expend $15,000 to purchase the same,
Mrs. Reid may elect to take that sum, instead of having it expended in
the purchase of the annuity.   The rule applicable to this case is as
follows:

     "Where an absolute and unqualified annuity is given, with instructions to
invest a sum sufficient to purchase the annuity, the annuitant may elect to
take the capital sum instead of having it invested for the purpose of pro-
ducing the annuity."   2 Am. & Eng. Encyc. of Law (2d Ed.) 399.

The conditions of fact set forth in this rule are precisely those pre-
sented in the case at bar, and the following cases fully support the
rule: In Ford v. Batley, 17 Beav. 303, a testator directed his executors
to purchase an annuity from government or any other public company
for A. B.   Held, that A. B. was entitled to have a government annuity,
or, at his option, take the price in lieu of the annuity.   The court said:
"It is obvious that if an annuity were purchased he might sell it im-
mediately afterwards."   In Stokes v. Cheek, 27 Beav. 620, a testatrix
directed a government annuity to be purchased, and declared the
annuitant should not "be allowed to accept the value of the annuity in
lieu thereof."   Held, that the declaration was ineffectual, and that the

annuitant was entitled to receive the purchase money instead of the annuity. The court said: "It would be an idle form to direct an annuity to be purchased which the annuitant might sell immediately afterwards." Wakeham v. Merrick, 37 L. J. Eq. (N. S.) 45, L. J. 1868, 16 Wkly. Rep. 73, 17 L. T. (N. S.) 134, holds that, where a sum of money is so bequeathed for payment of an annuity that the whole of the principal is dedicated to the annuity (which is true of the bequest under consideration), the interest of the annuitant in the bequest is an absolute one, and he or his representatives will be entitled to be paid the whole of the sum. See, also, Palmer v. Cranford, 3 Swanst. 482. The precise point of the right of an annuitant to elect to take the fund instead of the annuity which it would buy has never been passed upon in this state; but the fundamental principle underlying the English cases, viz., that an annuity is only a transferable legacy, has been repeatedly adjudicated in our courts. Cocks v. Barlow, 5 Redf. Sur. 406, 414; Lang v. Ropke, 5 Sandf. 363, 370; Hawley v. James, 16 Wend. 61; Griffen v. Ford, 1 Bosw. 123, 143, 144; Maurice v. Graham, 8 Paige, 484, 487; Hunter v. Hunter, 17 Barb. 25, 90; Mason v. Jones, 2 Barb. 229, 247. It has also been held in this state that the right to receive an annuity can be taken from an annuitant to satisfy the claims of creditors. DeGraw v. Clason, 11 Paige, 136. If the testator had deemed it necessary to protect the plaintiff against herself, he could have done so through the instrumentality of a trust. On the other hand, so far as the estate is concerned, the exercise of election by taking the principal of the fund is not detrimental to the estate, because, whether the principal is laid out for an annuity, or whether it goes to the annuitant, it is absolutely lost to the estate. In this vital respect a fund expended to raise an annuity differs from a fund set apart in trust to raise income for a designated beneficiary. An annuity does not possess any element of a trust. Matter of Collins, 144 N. Y. 522, 39 N. E. 629.

Judgment is ordered for plaintiff, with costs.