In the Matter of the Estate of WILLIAM W. COLE, Deceased.

UNION TRUST COMPANY OF NEW YORK, as Executor, Appellant; CLARISSA SPRAKE, Respondent.

Annuities — annuitant may elect to take the capital sum given by a will for the purchase of an annuity, instead of having it invested for the annuity.

The testamentary gift of an annuity must be regarded as a legacy of the definite sum required to purchase it, and, where an absolute and unqualified annuity is given by a testator, with instructions to invest a sum sufficient to purchase the same, the annuitant may elect to take the capital sum thereof, instead of having it invested for the purpose of producing the annuity.

*Matter of Cole*, 174 App. Div. 534, affirmed.

(Argued November 27, 1916; decided December 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 2, 1916, which reversed an order of the Queens County Surrogate's Court denying an application by the respondent herein for an order directing the Union Trust Company, as executor of the last will and testament of William W. Cole, to pay to said respondent the sum of

$10,000, the amount directed in said last will and testament to be applied for the purchase of an annuity for the said Clarissa Sprake, instead of purchasing for her the said annuity.

The facts, so far as material. are stated in the opinion.

*Nathan A. Smyth* for appellant. The testator's clearly expressed intent should not be thwarted by the court unless it is contrary to law or against public policy. (*Crabb* v. *Young*, 92 N. Y. 56; *Tilden* v. *Green*, 130 N. Y. 29; *Matter of White*, 208 N. Y. 64.) The right of election claimed by the applicant would render practically nugatory what otherwise would, in many cases, be a wise and effective form of testamentary bounty. (*Reid* v. *Brown*, 54 Misc. Rep. 481.) The direction to the executor to purchase an annuity imposes upon it a duty which is of the nature of a trust, the faithful performance of which should not be interfered with by the court. (*Peterson* v. *Chemical Bank*, 32 N. Y. 21; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; *Shelton* v. *King*, 229 U. S. 90; *Nichols* v. *Eaton*, 91 U. S. 716.)

*Thomas M. Rowlette* and *Andrew Tosh* for respondent. Where an amount is directed to be expended for the purchase of an annuity for a person named in a will, that person may elect to accept the amount instead of the annuity. (*Wakeman* v. *Merrick*, 37 L. J. Ch. 45; *Lord* v. *Battey*, 17 Beav. 303; *Smith* v. *Pybus*, 9 Ves. Jr. 567; *Palmer* v. *Craufurd*, 3 Swanst. 482; *Hicks* v. *Ross*, L. R. [14 Eq.] 141; *Evans* v. *Walker*, L. R. [3 Ch. Div.] 211; *Yates* v. *Yates*, 28 Beav. 637; *Woodmeston* v. *Walker*, 2 Russ. & M. 197; *Bent* v. *Cullen*, L. R. [6 Ch.] 235; *Hill* v. *Rattey*, 2 Johns. & H. 634; *Powers* v. *Haynes*, L. R. [8 Eq.] 262.)

CUDDEBACK, J. The will of the testator contained the following provision:

" VI. I direct my Executor to purchase within one year

after my death of some Life Insurance Company or other Company sound financially doing business in Great Britain of said Executor's selection an annuity payable quarterly to each of the following named individuals, said annuity shall be such sum as the amount specified in each case shall procure.    There shall be expended for each one of said annuities as follows:

"4. The same sum of Ten Thousand Dollars shall be expended in each case for an annuity as above provided for each one of the following named individuals, viz.:

"a. Clarissa Sprake, of London, England, wife of Henry Sprake and daughter of my mother's brother Henry Cooke."

Clarissa Sprake, the person for whom the foregoing directions requiring the purchase of an annuity were made, applied to the Surrogate's Court for an order authorizing the Union Trust Company, the executor, to pay her the sum of $10,000 provided in the will instead of applying the same to the purchase of an annuity.    In her petition the applicant simply shows the provision of the will for an annuity, the extent of the decedent's estate and that it is ample to meet all charges against it, and that she has filed with the executor a written notice of her election to take the sum of $10,000 instead of having the same expended in the purchase of an annuity as directed by the will.    The Surrogate's Court made an order denying the application, which, on appeal, was reversed by the Appellate Division, and from the determination of the Appellate Division the executor of the will has appealed to this court.

It is the settled law of England, and has been for more than a century, that the gift of an annuity must be regarded as a legacy of the definite sum required to purchase the annuity.    The rule was laid down, and the reason for it stated, as long ago as 1797, in the case of *Barnes* v. *Rowley* (3 Ves. Jr. 305), where the chancellor said: "Could I have prevented her selling the annuity

the next day, if it had been laid out in an annuity for her? The whole 252 pounds would have been gone. The interference of the court against the will of the legatee to compel the laying out the money in an annuity for a person, her own mistress, would have been perfectly nugatory and vain. The executor can never benefit by it. I cannot raise a doubt upon it."

This case has since been followed in an unbroken line of decisions apparently to the present time. The last case I find is *Matter of Brunning* (L. R. [1909] 1 Ch. 276). The same principle prevails in the state of Massachusetts. (*Parker* v. *Cobe*, 208 Mass. 260.) So far as the decisions of this state go the case of *Reid* v. *Brown* (54 Misc. Rep. 481–482) is the only one cited where the subject has been considered. That was a decision made at Special Term by Justice TRUAX, and it is precisely in point. Justice TRUAX said: "Where an absolute and unqualified annuity is given, with instructions to invest a sum sufficient to purchase the annuity, the annuitant may elect to take the capital sum instead of having it invested for the purpose of producing the annuity. * * * If the testator had deemed it necessary to protect the plaintiff against herself he could have done so through the instrumentality of a trust."

The counsel for the appellant strenuously insists that the right of election claimed by the petitioner thwarts the clearly expressed intention of the testator. I think not.

It must be assumed that the will of the testator providing for the annuity was drawn with regard to the law existing on the subject. The testator knew, it must be assumed, that the gift of the annuity might be regarded as a legacy of the definite sum set aside to purchase the annuity. If he had desired to defeat this power of election, he should have followed the suggestion contained in *Reid* v. *Brown* (*supra*) and placed the $10,000 in trust for the benefit of the annuitant.

The order appealed from should be affirmed, with costs to the respondent payable out of the estate.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.