In the Matter of the Last Will and Testament and Codicils of
FREDERICK BERTUCH, Deceased.

Surrogate's Court, Suffolk County, September 4, 1928.

**Wills — construction — will directed executors to purchase annuities for
named individuals and stated that said direction was mandatory and
that beneficiaries could not claim direct payment — right of bene-
ficiaries to elect between annuity and direct payment foreclosed by
terms of will.**

This is an application to require the executors of the will of the testator to pay
over to the petitioner a principal sum directed by the testator to be used for the
purchase of an annuity for the petitioner.

The application is denied, since it appears that the will specifically states that
the direction to the executors is mandatory and that the beneficiaries " shall
not be entitled to claim or accept direct payment in lieu of such annuity."

In view of that provision in the will, the rule that the beneficiary may elect
between the annuity and the principal, cannot apply, and the terms of the will
must be complied with and the application for direct·payment denied.

APPLICATION for order directing and authorizing payment of
certain sums to persons named in lieu of purchasing annuity in
life insurance company as directed in will.

*Jacob Weinberger*, for the petitioner.

*Lewis & Schaap*, for Central Union Trust Company and others,
trustees, respondents.

PELLETREAU, S.   Application is made to me in behalf of Nettie
Bradford, Ida Fitzpatrick and Christopher Bradford for an order
authorizing and directing the executor herein to pay to Nettie
Bradford and Ida Fitzpatrick each the sum of $15,000, and to
Christopher Bradford the sum of $10,000, in accordance with their
respective sums in the purchase of annuities as directed in the will
of said deceased.

The 12th subsection of the 11th paragraph of said will reads
as follows:

" 12. I direct my Executors and Trustees, hereinafter named,
to purchase within six months after the death of my wife an
annuity in some strong and established Life Insurance Company
or Companies in the principal sum of Fifteen thousand dollars
($15,000) the income of which is to be paid during her life to my
sister-in-law, Ida Fitzpatrick.

" This direction to my Executors and Trustees to purchase an
annuity shall be mandatory, and the said Ida Fitzpatrick shall
not be entitled to claim or accept direct payment in lieu of such
annuity."

The 13th and 15th subsections of the 11th paragraph of said

Surrogate's Court, Suffolk County, September, 1928.        [Vol. 132

will contain exactly similar directions in similar words, the said 13th subsection providing for the purchase of an annuity of $15,000 for Nettie Bradford, and the 15th subsection providing for the purchase of a $10,000 annuity for Christopher Bradford. Each of said subsections, at the end thereof, make the said direction to purchase an annuity mandatory and expressly provide and direct that the beneficiaries shall not be entitled to claim or accept direct payment in lieu of said annuity.

The affidavits submitted in support of the motion lead me to believe that it is to the interest of the annuitants to respectively exercise an election by taking the principal of the fund instead of the annuity. It likewise appears that the exercise of such election is not detrimental to the estate, as the result is the same whether the principal is expended for the annuity or whether it goes to the annuitant. It is lost to the estate in either event.

It appears to be the settled rule in England and in this State (*Matter of Cole*, 174 App. Div. 534) that a bequest to purchase an annuity gives an election to take the capital sum, and the legatee can rightfully demand that no annuity shall be purchased. There appears to be authority in this State holding that an annuity is a transferable legacy. An annuity possesses no element of a trust. (See *Matter of Collins*, 144 N. Y. 522.)

Whatever may be said of the so-called humanities involved, or desirability that the petitioners should be granted the relief which they ask, it is essential to look at the other side of the picture. In passing upon a will or its construction or directions therein, it is essential to read the entire will and codicils thereto if there be any. I have done so. I note that the will was dated May 26, 1915, that there were three codicils thereto dated, respectively, October 10, 1917, February 25, 1921, and June 7, 1922. The will was probated October 3, 1922.

It may be contended that the conditions and situation of the petitioners have changed since the time when the will was made, and that the testator had in mind the situation as it existed when he made the will. I do not know. The law is that a will speaks as of the time of the death of the testator. He died in 1922. The will which he made was *his* will. It expressed *his* wishes and directions. It was *his* money that he was giving away. The fact that the will was duly probated shows the testator to be competent, to know what he wished to do with his property. He expressed his desires in no uncertain terms. In the direction for the purchase of an annuity for Ida Fitzpatrick the testator used these words: " This direction to my Executors and Trustees to purchase an annuity shall be mandatory, and the said Ida Fitzpatrick shall

not be entitled to claim or accept direct payment in lieu of such annuity." He used exactly similar words in the direction for the purchase of an annuity for Nettie Bradford and Christopher Bradford. Is there any doubt as to what the testator meant?

No similar words or phrase or direction were used by the testator in *Matter of Cole* (174 App. Div. 534), hereinbefore referred to, and which, of course, I consider binding upon me so far as the facts in that case apply to the facts in this. Neither did a similar situation exist in the decision in *Reid* v. *Brown* (54 Misc. 481, 482). The rule in the latter case is laid down as follows: " Where an absolute and unqualified annuity is given, with instructions to invest a sum sufficient to purchase the annuity, the annuitant may elect to take the capital sum instead of having it invested for the purpose of producing the annuity."

Having in mind that it is my duty and the duty of the courts to carry out the wishes of the testator, I have my doubts as to the applicability of the decisions in *Matter of Cole* and *Reid* v. *Brown* (*supra*) to the situation involved here. In this present application I think the directions to the executors and trustees to purchase annuities are mandatory. The testator expressly so stated in his will. He thereby expressly excluded any discretion in the matter in his said executors and trustees. He went further and expressly stated that said beneficiaries or annuitants " shall not be entitled to claim or accept direct payment in lieu of such annuity."

Can the court make a new will for the testator? How far can the court go, because of the desire or necessities of a beneficiary or interested person, in changing a will or making ineffective its directions? The testator may have been entirely familiar with the rule laid down in the two cases last above recited, and with the holding that an annuity is not a trust. (*Matter of Collins, supra.*) He expressly, in so many words, deprived the annuitants of a right of election to take the capital sums in lieu of the annuities. It would be easier, perhaps pleasanter, to grant this application. There would be no appeal. There should be an appeal to the end that there be a definite, authoritative and final ruling upon the point involved.

An examination of the will indicates that it is not a cheap document, nor was it carelessly drawn. The testator, by his words therein, certainly gave no discretion to the executors and trustees, or to the annuitants, in the matter. No present interest or person appears in opposition to the petitioners herein. The only opposition is the testator. He is dead, but his will is his brief. He had his own ideas as to the extent, and how, and why the said annuitants

were to benefit under his will. A fair construction of his explicit and mandatory directions in that regard leads me to conclude that the application should be denied and petitions dismissed.

Decree accordingly.