HERMAX REALTY COMPANY, Appellant, v. SARAH A. CORRIGAN, Respondent.— Judgment dismissing complaint unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

SADIE HERZOG, Appellant, v. JEAN VALJEAN REALTY CORPORATION, Respondent.*— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Seeger, J., dissents.

SAMUEL L. HEWLETT and O'BRIEN BROTHERS SAND AND GRAVEL CORPORATION, Appellants, v. GOODWIN-GALLAGHER SAND AND GRAVEL CORPORATION, Respondent.— This case having been tried, the appeal from the order denying plaintiffs' motion for a temporary injunction is dismissed, without costs. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

GEORGE P. HUNTON and HAROLD M. HUNTON, Copartners, Doing Business under the Firm Name and Style of GEORGE P. HUNTON & SON, Respondents, v. SAMUEL STEINFELD, Individually and as Executor of and Trustee under the Last Will and Testament of LEO STEINFELD, Deceased, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Last Will and Testament and Codicils of FREDERICK BERTUCH, Deceased. Application of NETTIE BRADFORD, Application of IDA FITZPATRICK, Application of CHRISTOPHER BRADFORD, NETTIE BRADFORD, IDA FITZPATRICK and CHRISTOPHER BRADFORD, Appellants; CENTRAL UNION TRUST COMPANY OF NEW YORK, JOHANNES ANDERSEN and MORRIS GINTZLER, Trustees, Respondents.— Order of the Surrogate's Court of Suffolk county, made on the 10th day of September, 1928, denying the applications of appellants to direct the trustees to pay to them the principal sum bequeathed to each for the purchase of an annuity, reversed upon the law, without costs, and applications granted, without costs. Since the testamentary gift of an annuity must be regarded as a legacy of the definite sum required to purchase it (*Matter of Cole*, 174 App. Div. 534; affd., 219 N. Y. 435; *Reid v. Brown*, 54 Misc. 481), the subsequent provisions in the will that the direction to the executors and trustees to purchase the annuity shall be mandatory, and that the annuitants shall not be entitled to claim or accept direct payment in lieu of such annuity, are repugnant to the terms of absolute gift and of no effect. (*Arden v. Goodacre*, 11 C. B. 883; *Stokes v. Cheek*, 28 Beav. 620; *Matter of Mabbett* [*Pitman v. Holborrow*], L. R. [1891] 1 Ch. 707.) Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur. [132 Misc. 731.]