## COMMISSIONER OF INTERNAL REVENUE v. WHITEHOUSE.

### No. 2294.

Circuit Court of Appeals, First Circuit.

Feb. 17, 1930.

Morton P. Fisher, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Stanley A. Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

Robert W. Candler, of New York City and Marion N. Fisher, of Washington, D. C. (Spotswood D. Bowers, of New York City, on the brief), for Whitehouse.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue from an adverse decision of the Board of Tax Appeals in 7 B. T. A. 600. It involves the question whether an annuity of $5,000, bequeathed to Sybil Whitehouse by James Gordon Bennett, is taxable to her as income. Bennett, a citizen of New York, died on May 14, 1918, leaving a will, duly probated, by which the appellee and several others were left annuities aggregating over $100,000; the residue of the estate was left to a public charity, the James Gordon Bennett Memorial Home for New York Journalists, to be incorporated "as soon as practicable." Pending such incorporation, the income of the estate was left to three friends (also made executors) absolutely. The Home was organized in May, 1919, about a year after Bennett's death. By the executors' account on December 30, 1920, they show that they had permanently set aside to the Home a residue of personal property of $3,133,260, subject to taxes, annuities, and other charges. This annuity, and most of the others, were paid from the corpus of the estate, until November 14, 1920; thereafter this and most of the others, from income.

The applicable provisions of the Revenue Act of 1921, c. 136, 42 Stat. 227, 237, are as follows:

"Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term 'gross income'—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items (except as provided in subdivision (e) of section 201) shall be included in the gross income for the taxable year in which received by the taxpayer; * * * but

"(b) Does not include the following items, which shall be exempt from taxation under this title: * * *

"(3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income). * * *

"Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate; * * *

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct. * * *

"(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

"(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in comput-

ing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary."

The present question is whether this annuity was a gift or bequest under section 213 (b) (3), supra, or was distributive income taxable under section 219 (a) (4), supra.

We think the Board of Tax Appeals was right in holding it a bequest within the fair meaning of section 213 (b) (3), and therefore not taxable as part of the annuitant's income.

In general, we observe that the opinion of the Board of Tax Appeals is sound and adequate, both in its reasoning and in its citation and treatment of the pertinent authorities; it leaves little to be added by this court.

The law of New York obviously controls in construing the will. De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 S. Ct. 461, 41 L. Ed. 827.

The corpus of the estate of the testator was charged with the payment of the annuities. No specific fund was set aside in trust for their payment. Pierrepont v. Edwards, 25 N. Y. 128; Clark v. Clark, 147 N. Y. 639, 42 N. E. 275; Peck v. Kinney (C. C. A.) 143 F. 76, and authorities cited. In Matter of Toms, 84 Misc. Rep. 312, 147 N. Y. S. 550, 554, the court said:

"Annuities like the one created by this will are simply bequests of certain specific sums payable periodically. They do not possess any of the elements of a trust. Redf. Surr. § 737a; Matter of Collins, 144 N. Y. 522, 39 N. E. 629; Reid v. Brown, 54 Misc. Rep. 483, 106 N. Y. S. 27.

"They are therefore not subject to the provisions of law which forbid the alienation by a beneficiary of the benefits of a 'trust fund."

See, also, Matter of Gurnee, 84 Misc. Rep. 324, 147 N. Y. S. 396, and Mattter of Kohler, 193 App. Div. 8, 20, 183 N. Y. S. 550; Remsen on the Preparation and Contest of Wills, § 2, where it is said:

"An annuity is substantially different from a gift of the income or use of property. An annuity is a fixed amount directed to be paid absolutely and generally without contingency. An income embraces only the net profits after deducting all necessary expenses and charges, and consequently is uncertain in amount.

"Annual taxes on principal are deducted from a use or income but not from annuities. An annity is presumed to be for life, unless otherwise expressed. It may be given to two or more persons with right of survivorship, as to a husband and wife 'during their natural lives.' "

In its legal nature, an annuity, such as is here involved, is a legacy payable in installments, generally during the life of the legatee. Compare 3 C. J. pp. 201, 202.

Of course, in administering an estate, taxes, debts, legacies, including annuities, are paid primarily out of income, if available, then out of personal property, and lastly from realty. In administering this testator's estate, the first year's income went to his executors; consequently, the annuities were properly paid from the corpus of the estate. Then the Home was organized, but presumably had few occupants, so that income remained available for at least a large part of the annuities. But, if the residue set aside for the Home, subject to the annuities, etc., had proved non-income-producing, or if the executors had applied all income received to the use of the Home, the corpus of the residue would have had to be charged with the payment of the annuities. It follows that the actual payment of the appellee's annuity from income was merely an incident, probably temporary, of the administration of the estate; it might almost be called an accident.

If material, we assume that all of the annuities were subject to the estate tax; so that to sustain the Commissioner's construction would involve double taxation—a result "to be avoided unless required by express words" of a tax act. United States v. Supplee-Biddle Co., 265 U. S. 189, 194, 44 S. Ct. 546, 68 L. Ed. 970.

We agree with the Board of Tax Appeals that the cases of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, and Heiner v. Beatty (C. C. A.) 17 F. (2d) 743, affirmed 276 U. S. 598, 48 S. Ct. 319, 72 L. Ed. 723, are not in point. The taxpayer in the Gavit Case was limited to receipt of part of the income from a trust fund, with remainder

over. This was held by a majority of the Supreme Court not a gift or bequest within the meaning of the Tax Act, § 213 (b) (3). But in the instant case we are dealing with a bequest of a sum certain, payable during the life of the legatee, from the corpus of the estate, unless of course income be available for such payment as, pending development of needs of the Home, there was. How long such income will be thus available is entirely uncertain. It would seem anomalous to tax such annuities as income of the recipient one year and not permanently. Apparently the government made no attempt to tax them for the two years when actually paid from the corpus of the estate.

In the Beatty Case, the testator expressly provided that there be "set apart * * * in trust * * * in separate funds, one for each annuitant, sufficient sums to produce by the clear net interest and income thereof respectively, the several annuities * * * and to pay the said several annuities from the * * * income * * * or to purchase such annuities in life insurance companies." The Supreme Court affirmed, on the authority of Irwin v. Gavit, the decision of the Circuit Court of Appeals for the government, reversing the holding for the plaintiff in (D. C.) 10 F.(2d) 390.

The decision of the Board of Tax Appeals is affirmed.