In the Matter of the Estate of MARY H. MITCHELL, Deceased.

Surrogate's Court, New York County, February 15, 1934.

*Spencer, Ordway & Wierum*, for the petitioner, executor.

*Edward E. Hoenig*, for Frank P. Behan, claimant.

*Parsons & Constable*, for the Lewis Historical Publishing Co., Inc.

*John· M. Cragen*, for Elizabeth McGowan, executrix, etc., of Ellen Dougherty, deceased.

*Curtis, Mallet-Prevost, Colt & Mosle*, for the New York Exchange for Women's Work.

*Cadwalader, Wickersham & Taft*, for the New York Association for the Improvement of the Condition of the Poor and the Bide-A-Wee Home Association, Inc.

*DeForest, Cullom & Elder*, for the Charity Organization Society of the City of New York.

*Curtis, Fosdick & Belknap*, for the Young Women's Christian Association.

*Otto M. Stanfield*, for the First Congregational Church in the City of New York, known as All Souls' Unitarian Church.

*Rutger Bleecker Miller*, for the Friendly Aid Society, name changed to Goddard Neighborhood Center.

*Barry, Wainwright, Thacher & Symmers*, for the American Society for the Prevention of Cruelty to Animals.

*Emmet, Marvin & Martin*, for the Home for Incurables.

*Charles A. Vilas* and *Everett W. Barto*, for Thuel Burnham and another.

*William Osgood Morgan*, for Otho Cushing.

*McKercher & Link*, for the New York Medical College and Flower Hospital.

*William M. Sullivan*, for Charles Standifer.

*Hornblower, Miller, Miller & Boston*, for Juliette Green.

*Mitchell, Taylor, Capron & Marsh*, for Francis Call Woodman.

*Samuel C. Herriman*, for Susan Herriman and another.

*Hascal T. Avery*, for Murray Bennett.

FOLEY, S.   In this executor's intermediate accounting the court is asked to determine whether or not certain legacies and annuities are entitled to preferential payment.

By the terms of the will, all legacies and annuities contained in the first eight paragraphs thereof are preferred.   After payment of the preferred legacies and annuities, the ninth paragraph of the

will gives general legacies to numerous charitable institutions. Then follows a gift of the residue to three charitable corporations.

By the first paragraph of the codicil subsequently executed, the testatrix increased the amount of some of the legacies and annuities which were preferred under the will and also increased the amount of an unpreferred general legacy to a charitable corporation. The second paragraph of the codicil decreased the amount of an annuity, the payment of which was preferred by the will. The third paragraph of the codicil gave legacies and annuities to persons not mentioned in the will.

From the present condition of the estate, it appears to be doubtful that even the preferred legacies and annuities can be paid in full, and hence the question as to which legatees and annuitants are entitled to preferential payment must now be determined.

It is apparent and conceded by all parties that the legacies and annuities given by the first eight paragraphs of the will which were not increased or decreased by the codicil are entitled to preferential payment. A similar preference is claimed by those legatees and annuitants who were preferred by the will but whose legacies and annuities were increased or decreased by the codicil. This contention appears to be correct. The rule is well settled that the will and codicil should be construed as parts of the same instrument and that the provisions of the will should not be disturbed further than is necessary to give effect to the codicil. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Goodwin* v. *Coddington*, 154 id. 283; *Hard* v. *Ashley*, 117 id. 606; *Matter of Simeone*, 141 Misc. 737.) To enforce the provisions of the codicil here it is not necessary to disturb the preference given to these legatees and annuitants by the will. The codicil merely changed the amounts of these preferred legacies and annuities. As changed by the codicil, the bequests to these legatees and annuitants are subject to the same conditions and preferences as the original bequests to them in the will. (*Matter of Frankenheimer*, 130 App. Div. 454; affd., 195 N. Y. 346.) I hold, therefore, that all legatees and annuitants mentioned in the first eight paragraphs of the will are entitled to a preference whether or not the amounts of the preferred bequests to them were changed by the codicil.

A preference is also claimed by legatees and annuitants mentioned in the third paragraph of the codicil. These persons were not mentioned in the will. They contend that since the testatrix conferred a preference on every individual legatee and annuitant in the will, an intention to prefer the individual legatees and annuitants first mentioned in the codicil can be inferred. The

testatrix expressed no intention to afford a preference to those beneficiaries. In construing a will the court is bound by the expressed and not the presumed intention of a testator. (*Matter of Durand*, 250 N. Y. 45; *Matter of Buechner*, 226 id. 440.) The language of the third paragraph of the codicil gives no preference to the persons therein mentioned. (*Matter of Tuozzolo*, 141 Misc. 251.) These legatees and annuitants take as general legatees on a parity with the other general legatees mentioned in the ninth paragraph of the will.

Certain of the annuitants entitled to a preference contend that they have a right to elect to take a capital sum rather than the stipulated annual payments. As is stated in *Matter of Oakley* (142 Misc. 1, 3): " The right to receive a capital sum in lieu of annuity arises in two ways: (1) Where the will directs the purchase of an annuity; (2) where an annuity is created without a valid *gift over of the remainder.*" (Italics in original.) In the will and codicil before the court, each annuity is given as an outright bequest with no gift over of the remainder. In addition, a *discretionary* power to purchase annuities is conferred on the executor by the eleventh paragraph of the will. I hold, therefore, that the annuitants may elect to take a capital sum in lieu of the annuity. (*Matter of Cole*, 219 N. Y. 435; *Matter of Bertuch*, 225 App. Div. 773; *Matter of Oakley, supra.*)

Because of the partial abatement of the preferred legacies, the capital value of the annuities must now be determined. As there is no mandatory direction to purchase the annuities, and as the executor has not and evidently will not exercise his discretionary power to do so, the capital value of the annuities must be computed in accordance with the method customarily employed in an estate tax proceeding.

As the executor has indicated his willingness to make a partial distribution as far as is practicable at this time, complete distribution will not now be directed. In his discretion the executor may retain certain assets until they can be more advantageously liquidated.

Submit decree on notice construing the will and settling the account in accordance with this decision and reserving for supplemental decree the determination of the issue raised by the objection filed by Charles Standifer, to the rejection of his claim against the estate for $490.

The issue raised by this objection has been placed on my calendar for a hearing on the 9th day of March, 1934, at three P. M. The executor is directed to serve notice of such hearing and file the same, with proof of service thereon, with the clerk of this court, on or before the 1st day of March, 1934.