In the Matter of the Estate of MARY H. MITCHELL, Deceased.

Surrogate's Court, New York County, April 1, 1936.

*Miller, Owen, Otis & Bailly,* for Edward Reynolds, Jr., as executor, etc., of Juliette Green, deceased.

*Spencer, Ordway & Wierum,* for the City Bank Farmers Trust Company, successor executor, etc., of Mary H. Mitchell, deceased.

FOLEY, S. This is an application to reopen the decree dated October 11, 1935, settling the second intermediate accounting and for leave to intervene in that proceeding. The petitioner is the executor of an annuitant who was a party to the proceeding but who died on October 8, 1935, after the return of the citation but before the decree was signed.

The estate left by the decedent was insufficient to pay all the legacies in full. In the first accounting filed by the executor in 1933 an adjudication was accordingly sought as to the rights of certain legatees and annuitants to preferential payment. Certain annuitants had filed an election to take a capital sum in lieu of an annuity and the executor also sought a determination of the annuitants' rights to so elect. Among those who filed such an election was Juliette Green, whose executor is the petitioner on this application. By her election and her answer filed to the petition on the first accounting, she sought to obtain the capital sum necessary to purchase the annuity of $1,800 bequeathed to her by the will. The surrogate thereafter rendered his decision (152 Misc. 228)

holding among other things that, because there was no express gift of the remainder of each annuity and because the executor had a discretionary power to purchase annuities, an annuitant had a right to elect to receive a capital sum in lieu of his annuity. The surrogate held further that the capital value of an annuity should be computed by the method employed in an estate tax proceeding and not valued at the amount necessary to purchase or produce such an annuity. The decree construing the will and settling the account was signed on March 13, 1934. The decree provided for a fifty per cent distribution to the preferred legatees and for the payment of fifty per cent of the capital value of annuities to such annuitants who would elect to receive such capital sum or if an annuitant should not so elect for the payment of fifty per cent of the annual payments due him.

After the publication of the decision and before the decree was signed, the attorneys for Juliette Green withdrew the election theretofore filed by her. The only condition attached to the withdrawal of the election was that Miss Green should be given an opportunity to elect if in the future the executor decided to exercise his discretionary power to purchase an annuity for her.

After the making of the decree settling the first intermediate account, Miss Green continued to receive the quarterly payments on account of her annuity without protest.

The second intermediate accounting was filed on August 7, 1935. The citation in that proceeding was returnable on September 24, 1935. A notice of appearance was filed on behalf of Miss Green on September 9, 1935, by her attorneys. On the return of the citation the proceeding was marked for decree. No objections to the account were filed. A question was raised by the executor as to the amount of the additional distribution to be made. Accordingly, two decrees were noticed for settlement on October 5, 1935. One decree provided for an additional distribution of eighteen per cent to the preferred legatees and annuitants, while the other decree provided for an additional distribution of twenty per cent. While the matter was before the surrogate, Juliette Green died on October 8, 1935. The decree providing for a distribution of eighteen per cent was then corrected so as to provide for the payment to the estate of Juliette Green of sixty-eight per cent of the annuity payments due her until the date of her death. The corrected decree was signed on October 11, 1936.

Juliette Green's executor now seeks to reopen that decree and to intervene in the proceeding so as to exercise the right to elect the capital sum in lieu of the annuity on behalf of Juliette Green.

As a matter of procedure the decree will be reopened so as to make the petitioner a party thereto.

The petitioner's application to compel payment of the capital value of the annuity to him is denied on the merits. As the representative of Juliette Green he has no greater rights than she had. By her actions, Juliette Green would be estopped from electing to take the capital value of her annuity except in the event that the executor contemplated the purchase of an annuity for her. No such purchase was contemplated. The withdrawal of the notice of election by Juliette Green was tantamount to an election not to take the capital value of the annuity. She was at all times represented by attorneys and fully cognizant of her rights. *Reid* v. *Brown* (54 Misc. 481) and the English cases cited by the petitioner are clearly distinguishable from the present case. In all those cases the will directed a severance of funds from the estate to produce the annuity by way of a mandatory direction to purchase or the gift of a sum for that purpose. No such provisions are found in the will of this decedent. Where such provisions are found and the annuitant dies before being given an opportunity to elect, the English courts have held that the capital value of the annuity is payable to the estate of the deceased annuitant. Juliette Green had ample opportunity to elect. She did so and later withdrew her election. She had no such absolute right to receive the capital value of the annuity as would pass to her executor. She had only a right which she chose not to exercise. Her estate, therefore, is not entitled to the capital value of her annuity.

Submit decree on notice reopening the prior decree so as to make the petitioner a party thereto and providing that the petitioner has no right to the capital value of the annuity for Juliette Green.