In the Matter of the Accounting of HUSTON THOMPSON et al., as Trustees under the Will of CARL H. WHITE, Deceased.

Surrogate's Court, New York County, June 14, 1950.

*William D. Tucker* and *Frank J. Melioris* for trustees, petitioners.

*Hamilton McInnes* for Carl H. White, Jr., and others, respondents.

*Nathaniel L. Goldstein, Attorney-General (P. Hodges Combier* of counsel), in his statutory capacity under section 12 of the Personal Property Law and section 113 of the Real Property Law.

COLLINS, S. The testator died in 1933, a resident of the State of New Jersey. His will was admitted to probate in New York. The entire estate was set up in trust for the primary benefit of the testator's son, with directions to the trustees to pay him one third of the principal when he attained the age of twenty-one, to convert another third of the principal into cash at that time and purchase an annuity for the life of the son and to hold the remaining one third until the son reached the age of thirty years. The son is now twenty-one years of age and one third of the corpus has been delivered to him. The trustees have not yet purchased an annuity because the son has served upon them an election to take the capital sum instead of the annuity. The trustees ask the court to construe the will and instruct them with respect to their duties and obligations thereunder. The parties are agreed that the will disposing of personal property is to be read in the light of the law of New Jersey, the testator's domicile. (Decedent Estate Law, § 47; *New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11, 19; *Fell* v. *McCready,* 236 App. Div. 390, 394, affd. 263 N. Y. 602.)

The will insofar as material reads: " I further direct that my said Trustees shall convert one-third of the principal of said trust estate into cash when my said son arrives at the age of twenty-one years and with said cash my Trustees shall purchase such an annuity or annuities for the life of my said son and for his benefit as to my said Trustees shall be deemed most advantageous, with full discretion lodged in them as to the terms thereof." It is conceded that if the trustees convert the securities now held by them and purchase annuities, the annual income of the son will be substantially reduced.

It is well established under the common law that when a direction is given in a will for the purchase of an absolute annuity without remainder over, the annuitant may elect to take the capital sum instead of having it expended for the purchase of the annuity. (*Matter of Cole,* 219 N. Y. 435; *Matter of Maybaum,* 296 N. Y. 201, 205 and cases cited therein; *Matter of Foster,* 174 Misc. 933, 936; *Matter of Adriance,* 158 Misc. 857; 3 Scott on Trusts, § 346; 28 Halsbury's Laws of England [2d ed.], pp. 190, 191.) The common-law rule has been modified in this State by a statute (Decedent Estate Law, § 47-b) which is concededly not applicable to the will of this testator. There is a paucity of authority in New Jersey in respect of the right of such annuitants. The parties cite two decisions as authority for the annuitant's right to elect. In *Huston* v. *Read* (32 N. J. Eq. 591, 596) the court said: '' The annuities given are perpetual. The rule is, that when the interest or produce of a legacy is given to, or in trust for, a legatee, or for the separate use of such legatee, without limitation as to continuance, the principal will be considered as bequeathed also. * * * And where the intention to give a perpetual annuity is apparent in the will, the intention will prevail, and the legatee will be held to be entitled to the fund.'' The litigation involved, however, not the right of annuitants to elect to take the capital sum, but rather the rights of their personal representatives after their death. In the second cited case, *Berry* v. *President & Directors of Bank of Manhattan Co.* (133 N. J. Eq. 164), the testator directed the purchase of an annuity for his wife but the will expressly provided: '' I further direct that in no event shall my said wife be permitted to elect to take a capital sum thereof.'' The court adverted to the decisions in New York, Massachusetts and England, which hold that the beneficiary has the option to take the cost of the annuity but pointed out that only in one case (*Matter of Bertuch,* 225 App. Div. 773) did the will expressly forbid the exercise of the option. The court declined to follow the *Bertuch* decision because it violated the cardinal principle of giving effect to the testator's expressed intention. While the court gave no express approval of the general rule under which an annuitant is permitted to take the capital sum, the reasoning of the decision appears to give implicit recognition to that rule. No other decisions of that State on this subject have come to the court's attention. While the parties interpret these decisions as affirming the rule that a direction to purchase an annuity for the sole benefit of one beneficiary entitles the annuitant to take the cost of the annuity unless the will contains a contrary direction, the

cited decisions may, perhaps, be susceptible of a more narrow interpretation. The courts of New Jersey, however, do not appear to have denied the annuitant's right to take the capital sum except where the will itself denies that right. In any event, in the absence of proof that the law of New Jersey differs from our own, the court may presume that it is the same as the common law of our State. (*Zwirn* v. *Galento,* 288 N. Y. 428, 432; *Read* v. *Lehigh Valley R. R. Co.,* 284 N. Y. 435, 441; *Matter of Horner,* 149 Misc. 695, 697; *Matter of Smith,* 136 Misc. 863, 878.)

There is nothing in the will of this testator that manifests any intention that the annuitant cannot receive the capital sum. The court, therefore, holds that the son of the testator has the right to receive the capital sum which was directed to be expended in the purchase of annuities.

A second question has been raised with respect to the disposition of the income of that portion of the fund which is to be held in trust until testator's son attains the age of thirty years. The will states that the trust is " for the sole benefit of my son Carl Hicks White, Jr.". It authorizes the guardians of the son during his minority to receive moneys for the care, education and support of the son and contains other provisions designed to assure an adequate income for the son's maintenance. These directions pertain to the entire fund and were designed to be operative during the minority of the son. The will contains directions for payment of certain annuities from the income under conditions therein stated. There is, however, no express direction to pay income to the son after he attained the age of twenty-one. The parties are in agreement that the balance of the income belongs to the son, the sole question being whether it is to be paid to him currently or whether there is an implied direction to accumulate it until he attains the age of thirty years. The will does not expressly or impliedly direct the accumulation of the income of the remaining share. The will clearly reveals an intent that the income is to be owned and enjoyed by the son and the trustees are accordingly obliged to pay him the excess income of the trust.

A further question was raised by the trustees as to the requirements of the will for payment from income of periodic amounts to two living beneficiaries. There appears to be an ambiguity in the will respecting such payments after the son attains the age of twenty-one. Any question in this respect has been obviated by the agreement of the son to provide for payment to them at the maximum amount and to assume other obligations beyond the trust term. The question of construction has not been argued

by the parties. The trustees are not required to join in the agreement. They will be protected in making payments of accrued income in accordance with the directions of all of the parties who might be entitled to such accrued income. (*Matter of Lynch,* 151 Misc. 549, 552, and cases cited.)

The amount of the bond of the trustees will be fixed on the settlement of the decree.

Submit decree on notice construing the will and settling the account accordingly.