The interlocutory judgment appealed from should be affirmed, with costs.

GOODRICH, P. J., HIRSCHBERG and HOOKER, JJ., concurred.

Interlocutory judgment affirmed, with costs.

---

In the Matter of the Application for the Revocation of the Letters Testamentary of HERMAN WISCHMANN, as Sole Surviving Executor of and Trustee under the Last Will and Testament of HENRY J. BRANDT, Deceased, Respondent.   (No. 1.)

HENRY J. BRANDT and Others, Petitioners, Appellants.

In the Matter of the Application to Compel HERMAN WISCHMANN, as Sole Acting Executor of and Trustee under the Last Will and Testament of HENRY J. BRANDT, Deceased, Appellant, to Give Security for the Proper Administration of Said Estate Hereafter. (No. 2.)

JOHN H. BRANDT, Petitioner, Respondent.

*Surrogate — he may on an application to revoke letters testamentary require an executor to give a bond.*

Upon an application for the revocation of letters testamentary issued to an executor, who, when appointed, was not required to give the bond provided for in section 2638 of the Code of Civil Procedure, the Surrogate's Court has power, under subdivisions 6 and 11 of section 2481 of the Code of Civil Procedure, as a condition of denying the application, to require the executor to give a bond conditioned for the proper administration of the estate thereafter if he believes the safety of the estate requires this protection.

APPEAL in the first above-entitled proceeding by the petitioners, Henry J. Brandt and others, from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 29th day of September, 1902, dismissing the petitioners' application for the revocation of the letters testamentary issued to Herman Wischmann, as sole surviving executor of and trustee under the last will and testament of Henry J. Brandt, deceased.

Appeal in the second above-entitled proceeding by Herman Wischmann, as sole acting executor of and trustee under the last will and testament of Henry J. Brandt, deceased, from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 29th day of October, 1902, requiring the said appellant to execute and file a bond conditioned for the proper administration of said estate thereafter by him.

*William B. Hurd, Jr.*, for the appellants in No. 1 and for the respondents in No. 2.

*J. Stewart Ross*, for the respondent in No. 1 and for the appellant in No. 2.

Woodward, J.:

These two appeals were argued together. The first one is an appeal from a decree of the Surrogate's Court of Kings county denying an application to revoke the letters testamentary issued by that court on the 19th day of March, 1883, on the last will and testament of Henry J. Brandt, deceased, to Herman Wischmann, the respondent, and the other is an appeal from a decree of the Surrogate's Court of Kings county requiring the appellant, Herman Wischmann, to file a bond in the penal sum of $170,000, conditioned for the proper administration of the estate.

We think under the circumstances there is no good reason for disturbing the decree of the learned surrogate in the first appeal; the evidence, which is carefully analyzed and reviewed by the court, is not sufficiently preponderating to warrant this court in holding that the surrogate erred in reaching the conclusion that the letters testamentary should not be revoked.

We are, likewise, convinced that the learned court has very properly exacted a bond for the faithful discharge of the duties which are devolved upon the appellant as executor under the last will and testament of Henry J. Brandt, deceased. It is not contended by the appellant that he will be put to any trouble or expense in connection with the filing of the bond, or that he will be materially injured by reason of the decree of the Surrogate's Court, but we are asked to reverse the decree because the appellant supposes it to

reflect in some measure upon his integrity.  A great many very good and honest men have given bonds for the faithful discharge of a trust, and while it is probably true that the matters before the Surrogate's Court in these two proceedings did not warrant the removal of the appellant from his office as executor, it cannot be doubted that the evidence was sufficient to warrant a reasonably prudent person in believing that there had been conduct on the part of the appellant which justified the use of precaution in the future administration of the estate, and if the Surrogate's Court had the power to require a bond, this court would not be justified in interfering with the discretion exercised by the court below.

While the Surrogate's Court is a creature of the statutes and we find no direct authority for the decree, we think there is no doubt of the existence of the power to require a bond whenever the court having jurisdiction has reason to believe that the safety of the estate requires this protection.  It is clear, under the provisions of sections 2636 and 2637 of the Code of Civil Procedure, that the surrogate is invested with a power to judicially determine whether letters testamentary should issue, and by the provisions of section 2638 of the Code of Civil Procedure it is provided that the executor named in the will may entitle himself to letters testamentary thereupon by giving a bond as prescribed by law, although an objection against him has been established to the satisfaction of the surrogate, where the objection is that his circumstances are such that they do not afford adequate security to the creditors or persons interested in the estate for the due administration of the estate.  It has been judicially determined that the " adequate security " and " circumstances" mentioned in this section do not relate primarily or exclusively to the pecuniary responsibility of the executor, but to his moral qualifications ; that the question presented to the court is, is it safe to put this estate in the hands of the person named as executor ? — can he be trusted to administer it faithfully and honestly as directed by the will?  (3 Bliss' Code [5th ed.], 3556, and authorities cited in notes.)  By subdivision 2 of section 2472 of the Code of Civil Procedure the surrogate is given jurisdiction to " grant and revoke letters testamentary and letters of administration and to appoint a successor in place of a person whose letters have been revoked," and by subdivision 3 he is authorized to " direct

and control the conduct and settle the accounts of executors, administrators and testamentary trustees," etc. Section 2481 mentions the incidental powers of the surrogate, and he is authorized by subdivision 6 to " open, vacate, modify or set aside or to enter, as of a former time, a decree or order of his court," while subdivision 11 declares that " with respect to any matter not expressly provided for in the foregoing subdivisions of this section " the surrogate is authorized " to proceed in all matters subject to the cognizance of his court according to the course and practice of a court having by the common law, jurisdiction of such matters, except as otherwise prescribed by statute, and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred." The surrogate under the evidence now before us might very properly have refused to issue letters testamentary in the first instance unless the executor had given the bond provided for in section 2638 of the Code of Civil Procedure, and under the power conferred by subdivision 6 of section 2481 of the Code of Civil Procedure to " open, vacate, modify or set aside " a decree or order, and the general power conferred by subdivision 11 of that section, it can hardly be doubted that the court has the discretionary power to require a bond for the faithful discharge of a duty as a condition of refraining from an exercise of the higher powers granted. The lesser power is always involved in the greater, and if the court has jurisdiction to modify or revoke its decrees, orders and letters testamentary, and to direct and control the conduct of an executor (§§ 2472, 2481), it may, under a state of facts which would warrant the exercise of these powers, compel the executor to give a bond. Although the surrogate may only exercise powers given by the statute, the authority to do certain acts, or to exert a certain degree of power, need not be given in express words, but may be fairly inferred from the general language of the statute, or, if necessary to accomplish its objects and to the just and useful exercise of the powers which are expressly given, it may be taken for granted. (*Dubois* v. *Sands*, 43 Barb. 412.) The purpose of giving the Surrogate's Court jurisdiction to issue letters testamentary, and providing the limitations, was to protect the rights of creditors and persons interested in the estate, and if it becomes necessary in carrying out this purpose to compel the giving of a bond, rather than to exercise the higher

powers granted to the court, no reason suggests itself why this is not within the incidental powers of a Surrogate's Court.

The decrees appealed from should be affirmed.

GOODRICH, P. J., HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Orders affirmed, with costs.