In the Matter of Proving the Last Will and Testament of
CASPER B. UGHETTA, Deceased, as a Will of Real and Per-
sonal Property.

MARY UGHETTA, Individually and as Executrix, etc., Appellant;
ROSA M. UGHETTA and Others, Respondents.

First Department, February 23, 1917.

Decedent's estate — devise of realty to wife with remainders over —
when life tenant cannot be required to give security — will — pro-
vision that executrix shall not be required to give bond.

Where a testator gives to his wife a life estate in his realty, with remainders
over, she takes by operation of law as of the death of the testator and
not as his executrix. Hence, she cannot be required to give a bond for
the faithful performance of her duties as life tenant in the absence of a
showing of improvidence, waste or extravagance on her part in the
management of the real property to the danger of the remainder.

It seems, that even in the latter case the Surrogate's Court is not the
proper forum in which to compel her to give security.

Moreover, where the testator left to his wife all his personal property for
life, with a direction that at her death it should be divided between her
children, and expressly provided that she should not be required to give
any bond or security as his executrix, she cannot be compelled to do
so, if there is nothing to show that the confidence reposed in her by
the testator is unjustified.

APPEAL by Mary Ughetta, the petitioner, from part of a
decree of the Surrogate's Court of the county of New York,
entered in the office of said Surrogate's Court on the 27th day
of September, 1916, admitting the will herein to probate.

*Harold R. Medina,* for the appellant.

*Samuel J. Wagstaff,* special guardian, for the respondents.

SCOTT, J.:

The appellant and the petitioner in this proceeding is the
widow of Casper B. Ughetta, deceased, and the sole executrix
named in his will. By that will he gave to his wife, the peti-
tioner, all of his personal property for the term of her natural
life, with a direction that at her death it should be divided
between his children. He also gave his wife a life estate in

all of his real estate with remainder to his children, and he appointed his wife the sole executrix of his will. The personal property is valued at about $1,200, and the real estate, over and above the incumbrances thereon, at about $46,000. By the decree appealed from the will is admitted to probate, and it is adjudged that letters testamentary be issued to petitioner "providing said Mary Ughetta furnish a bond for the faithful performance of her duties as life tenant for the amount of forty-eight thousand dollars." The appeal is directed against the foregoing provision.

It will be seen that the only property of the deceased which will pass to the life tenant through the executrix will be the personal property, valued at a little over $1,200. When the petitioner, as executrix, has fully administered the personal estate, it will be her duty under the will to pay over whatever may be left of the personal property to herself as life tenant. With the life estate in the real property the executrix, as such, has nothing to do. That vested in the widow by operation of law upon the death of her husband. To require her to give, as administratrix, a bond to insure her faithful administration of the real estate is illogical and unauthorized in this proceeding. Doubtless, if facts were shown justifying such a course, such as improvidence, waste or extravagance in the management of the real property endangering the remainder, the life tenant might be required to give security upon a proper application in the proper forum, but none of these reasons appear in the present case, and the Surrogate's Court upon a proceeding to probate the will is not the proper forum. So far as concerns the personal property the testator expressly provided in his will that his wife should not be required to give any bond or security as executrix, and as has been said, nothing appears to justify a belief that the confidence thus reposed in the petitioner by her husband is unjustified. When the executrix comes to account for her proceedings as such, and is in a position to pay over whatever then remains of the personal property to herself, as life tenant, it will be time enough to consider whether or not, as such life tenant of the personalty, she ought to give security.

The decree appealed from must be modified by striking out

the proviso above referred to, and as modified affirmed, with costs to the appellant and to the special guardian payable out of the estate.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Decree modified as stated in opinion, and as modified affirmed, with costs to appellant and to special guardian payable out of the estate. Order to be settled on notice.