Matter of the Estate of ALICE D. W. CHAUNCEY, Deceased.

(Surrogate's Court, New York County, September, 1917.)

Executors and administrators — when executor not compelled to file bond — accounting — bonds — Code Civ. Pro. § 2569(6).

An executor to whom letters testamentary have been issued may not be compelled to file a bond; if thereafter his circumstances do not afford the legatees and creditors adequate security their remedy is by an application under section 2569(6) of the Code of Civil Procedure for the removal of the executor.

The failure of an executor to appear before the referee to whom his accounts have been referred and testify in regard to the objections filed thereto is not a ground for his removal, the burden of sustaining the objections being upon the objectors.

An allegation in a petition to compel an executor to file a bond, or in the alternative to revoke his letters testamentary, that petitioners were unable in the proceeding to effect personal service of the citation upon the executor is insufficient to warrant the court in removing him.

It is not sufficient that the petition alleges in the words of the statute that the executor's circumstances are such as not to afford adequate security to the creditors and legatees interested in the administration of the estate, but facts must be alleged from which the court may conclude that the financial condition of the executor does not afford such security.

APPLICATION for an order directing the executor of decedent's estate to file a bond.

John T. Easton, for executor.

Stern, Barr & Tyler (Eliphalet W. Tyler, of counsel), for Harriet A. Glen et al., petitioners.

Surrogate's Court, New York County, September, 1917.   [Vol. 101.

Griggs, Baldwin & Baldwin, for claimant St. George Fechtig.

Roe & Hayes, for claimant Miner D. Randall.

FOWLER, S.   This is an application for an order directing the executor of decedent's estate to file a bond, or in the alternative to revoke the letters testamentary issued to him by this court on the 30th of July, 1914.

The surrogate has no power to compel the executor to file a bond at this time.   The objection that the circumstances of a person named as executor in a will do not afford adequate security to the legatees or creditors should be made before letters are issued.   Code Civ. Pro. § 2564.   After letters are issued, if the circumstances of the executor do not afford the legatees and creditors adequate security, their remedy is by application to remove the executor under subdivision 6 of section 2569 of the Code, and not by an application to compel him to file a bond.

As the petitioners herein ask for the alternative relief, however, it becomes necessary for the surrogate to determine whether the allegations of the petition show that the circumstances and financial condition of the executor do not afford adequate security to the creditors and persons interested in the administration of the estate.

The executor resides in this city.   He has also a place of business in this city.   He filed his account as executor in this court, and objections thereto having been filed by alleged creditors the matter was referred to a referee to hear and determine the issues raised by the objections.   The referee has not yet filed his report, but he has submitted an affidavit in which he states that he has been unable to file a report owing to the

difficulty he has experienced in compelling the executor to appear before him and testify in regard to the objections.

There is no allegation that the executor is in financial difficulties, or that he is without means; nor are there any facts stated from which the court could reasonably infer that the financial condition of the executor does not afford adequate security to the creditors and legatees. His failure to appear before the referee is not a ground for his removal. The burden of sustaining the objections to the account is upon the objectors, and it is no part of the duties of the executor to appear before the referee for the purpose of proving the statements contained in the objections filed to his account. Neither is the allegation of the petitioners to the effect that they were unable in this proceeding to effect personal service of the citation upon the executor sufficient to warrant the court in removing him. It is not sufficient that the petition states the words of the statute that the circumstances of the executor are such as not to afford adequate security to the creditors and legatees; facts must be stated from which the court may conclude that the financial condition of the executor does not afford adequate security to those interested in the estate.

The application to compel the executor to file a bond, or, in the alternative, to revoke his letters, is denied.

Application denied.