In the Matter of the Estate of CARMELA TUOZZOLO, Deceased.

Surrogate's Court, Kings County, September 5, 1931.

*Benjamin R. Leinhardt*, for the petitioner.

*Matthew T. Abruzzo*, special guardian.

WINGATE, S. By her will, admitted to probate in this court in March of the current year, testatrix devised two parcels of real

property to certain children and grandchildren, gave two general legacies of $200 each to other grandchildren and made the following testamentary direction, the effect of which is the chief subject-matter of the present construction proceeding:

"*Fourth.* I give and bequeath unto my beloved son, James Taurello, the sum of One Thousand Five Hundred ($1,500.00) Dollars. I make no further provision for my said son, James Taurello, for the reason that during my lifetime I have advanced to him the sum of Two Thousand Three Hundred ($2,300.00) Dollars, and it is my thought that this bequest will equalize his share of the estate with that of my other children."

The residue of the estate was given to another son.

It has been made to appear that the personal property in the estate is insufficient to pay either the general legacies to the grand-children or the legacy of $1,500 in the 4th item to the son, and it is urged upon the court that the instrument should be construed as charging these legacies upon the specifically devised real estate.

One of the fundamental principles of distribution of decedents' estates is that general legacies are deferred to specific gifts, whether bequests or devises. (*Matter of Smallman,* 138 Misc. 889, 905, 911, and cases cited.)

As was stated in *Bevan* v. *Cooper* (72 N. Y. 317, at p. 322): " There are some rules which are well settled as to the payment or charging of general legacies. One is that the primary fund for the payment of them is the personal estate. It is one which is to be observed, unless express direction otherwise is found in the will, or there be a clear intent to the contrary to be gathered from the provisions of the will, which may be assisted by the extraneous circumstances of the case." (See, also, *Matter of Lloyd,* 166 App. Div. 1, 7; *Matter of Smallman,* 138 Misc. 889, 895, and cases cited.)

In determining the intentions of the testator, a distinction must be drawn between those intentions which are the natural and logical consequences of the acts directed, and the purpose which the testator may be deemed to have had in mind as the motivating influence of the directions actually inserted.

It is fundamental that the only intention of the testator which the court is empowered to effectuate is that intention expressed in the will and which flows as the necessary consequence from its expressed instructions. (*Matter of Durand,* 250 N. Y. 45, 54; *Matter of Crouse,* 244 id. 400, 404; *Matter of Rossiter,* 134 Misc. 837, 839, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Shumway,* 138 Misc. 429, 434.) In other words, the distinction is to be drawn between the testator's intention and his motive, and it must further be borne in mind that the only intention which

is pertinent in this connection is that which existed in the mind of the testator at the time of the execution of the testamentary instrument. (*Morris* v. *Sickly*, 133 N. Y. 456, 460; *Matter of Smallman*, 138 Misc. 889, 896, and cases cited.) It follows, therefore, that a preference or charge in contravention of the usual rules of law cannot be granted merely because the presumed object or motive of the testator may be defeated. (*Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313, 321; *Matter of Smallman*, 138 Misc. 889, 897.)

Applying these principles to the case at bar, it is apparent that the legacies in question are merely general legacies. So far as concerns the general legacy in the 4th item, the purpose and object of the testatrix was to place the beneficiary named therein on an equality with her other children. Unfortunately, the means adopted for the effectuation of this object have proved inadequate to the burden placed upon them.

This, however, is due solely to the inadequacy of the property in the estate not specifically given to the others.

There is no showing of the circumstances which surrounded the testatrix at the time the will was drawn. Wherefore, there is nothing present in the case which can make applicable any of the exceptions to the usual rule, noted in *Matter of Lilienthal* (139 Misc. 225, and the cases cited therein). It follows, therefore, that the legacies in question are merely general legacies not charged on the specially devised property and that they must abate in whole or in part, depending upon the partial or complete inadequacy of the personal estate available for their payment.

The court cannot refrain, however, from expressing its commendation of the generous and filial act of all the devisees who are *sui juris* in urging upon this court their willingness to permit of a construction of the will charging these legacies upon their shares, and consenting to such decision by the court. It is their expressed wish and intention that their mother's purpose be effectuated, and to that end they have stipulated that if the determination of the court is adverse to such charge, their shares shall nevertheless abate *pro tanto* to the end that their mother's wish shall be fulfilled. Unfortunately, such action is all too rare and its presence in this case is the most perfect tribute which could be imagined to the qualities of their deceased mother and to the principles of justice and fairness with which she has instilled her children. She has gone before but her beneficent influence lives on.

Proceed accordingly.