In the Matter of the Estate of HENRY MANN, Deceased.

Surrogate's Court, Kings County, November 1, 1932.

*Haaren & Barrett*, for the petitioner.

WINGATE, S. The decision of a controversy as to whether or not a testamentary fiduciary is entitled to commissions in two capacities, as executor and also as trustee, is, in final analysis, merely one of double construction, namely, *first*, of section 285 of the Surrogate's Court Act, and, *second*, of the will in question. On the former topic the authoritative determinations of this State make it clear that the statute contemplates payments in two capacities only when the testator has clearly indicated an intention that at some ascertainable point of time a severance of functions shall take place. These authorities have been collected and reviewed in *Matter of Abrahams* (136 Misc. 538).

It follows, therefore, that the ultimate problem presented in each such case is one of construction of the will. In this connection it is primary that there is no branch of the law in which precedents are of less value. (*Matter of Weissman*, 137 Misc. 113, 114; affd., on opinion of this court, 232 App. Div. 698; *Matter of Rossiter*, 134 Misc. 837, 839; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of McCafferty*, 142 Misc. 371, 373; *Matter of Mehler*, 143 id. 63, 66; *Matter of Soy*, Id. 217, 219.) In the case at bar the fiduciary advances the involved condition of testator's estate following his death as a reason for the allowance of double commissions. Since the question at issue is solely as to what the testator intended in this respect at the moment he drew the will (*Matter of Tuozzolo*, 141 Misc. 251, 253; *Matter of Mehler*, 143 id. 63, 64; *Matter of Marsh*, Id. 609, 615), these after-occurring events possess no possible relevency in the inquiry. (*Matter of Smallman*, 138 Misc. 889, 896, and cases cited.)

In the will at bar it is apparent that the testator contemplated that his fiduciary was to act in two capacities, since in the " third item " certain powers were granted to it expressly in its office as executor, and in the succeeding one other powers were given solely to his " trustee." If the intent had been that the fiduciary was to act throughout in the composite relationship of " executor-trustee " (*Matter of Galloway*, 139 Misc. 183, 188), this differentiation would have been inappropriate and presumably would not have been made. It follows, therefore, that a testamentary intent to appoint separate fiduciaries is apparent from the terms of the instrument, wherefore commissions in both will become payable. (*Matter of Abrahams*, 136 Misc. 538, 544.)

Proceed accordingly.