In the Matter of the Estate of LENA A. SCHRIER, Deceased.

Surrogate's Court, Kings County, January 20, 1933.

*Neufeld & Schlechter*, for the petitioners.

*Joseph A. Keenan*, special guardian, for Grace Schrier.

*Guggenheimer & Untermyer*, for Hebrew University of City of Jerusalem.

*Stroock & Stroock*, for Jewish Theological Seminary of America.

WINGATE, S. This is a motion for reargument of a portion of the questions decided in the former opinion in this case (145 Misc. 593). The decedent at her death held certain savings bank accounts respectively " in trust for " her daughters Grace and Dorothy. By her will she made a specific bequest of all of her savings bank accounts for the benefit of Dorothy. This application was made by the general guardian of Grace to direct the payment over to him, in such capacity, of the funds in the accounts " in trust " for Grace and was denied for the reasons therein set forth at length.

The affidavit on the present application, construed most favorably to the applicant, indicates that the major portion of the moneys in the accounts standing in decedent's name " in trust for " Grace were given to the testatrix by the applicant " with the understanding that the same should constitute a fund for the benefit of said infant, Grace."

Of course such a statement is merely one of a conclusion which presents no justiciable issue. There is, however, a more serious objection to the awarding of the relief sought, in the fact that if an enforcible agreement to such effect was actually made, its breach by the acts of the decedent would give rise merely to a claim against her estate, the determination of which is not within the scope of the issues of this proceeding.

Should he be so advised, the applicant may, of course, present a claim against the estate for the alleged breach of the trust or agreement and have its validity determined in the usual manner. On the allegations of this affidavit, however, there might be a serious question as to the possibility of its establishment in view of the provisions of section 347 of the Civil Practice Act. In any event it would be the duty of the executors to interpose any valid defenses which the estate might possess (*Matter of Taylor*, 251 N. Y. 257, 264; *Matter of Milligan*, 112 App. Div. 373, 376), under penalty of personal liability in case of their default in this regard. (*Willcox v. Smith*, 26 Barb. 316, 335.)

On primary principles it is quite immaterial that the major portion of the deposits in the bank accounts here in question were made subsequent to the execution of the will, since such an instrument, so far as property dispositions are concerned, is ambulatory and speaks from the date of testatrix's death (*Matter of Quick*, 147 Misc. 28; *Matter of Duffy*, 143 id. 421, 422; *Matter of Shevlin*, Id. 213, 217), which was obviously subsequent to the date of all such deposits.

Finally the fact, if such it be, that the ultimate financial benefit which Grace will receive from the estate will be less than that of her sister, due to market depreciation of securities subsequent to testatrix's death, is wholly immaterial in any determination of testatrix's intent at the time the will was executed. (*Matter of McCafferty*, 142 Misc. 371, 373, 374; affd., 236 App. Div. 678; *Matter of Mann*, 145 Misc. 360, 361; *Matter of Morningstar*, 143 id. 620, 622; *Matter of Mehler*, Id. 63, 64; *Matter of Gargiulo*, 138 id. 90, 99; *Matter of Kirkman*, 134 id. 527, 529.)

The reargument is, therefore, granted, and the motion is denied, with costs.