In the Matter of the Estate of WALTER CHISHOLM, Deceased.*

Surrogate's Court, Bronx County, March 31, 1933.

* See, also, 148 Misc. 158.

*Francis Dean,* for the petitioner.

*Leibowitz & Leibowitz,* for the respondents.

HENDERSON, S. The petitioner seeks an order staying the respondents, the executors herein, from collecting or receiving certain surplus moneys on deposit with the chamberlain of the city of New York, until the determination of the claims of the petitioner and others, individually and as executors of the last will and testament of Lewis S. Smith, deceased, against this decedent, which are set forth in his petition, verified and filed herein on March 15, 1933.

The petitioner alleges that the decedent at the time of his death was justly indebted to the petitioner and others as executors of the said will by reason of the assignment to them of a judgment entered in the office of the clerk of New York county on June 5, 1906; to said executors and one of them individually by reason of two judgments respectively entered in said office on July 28, 1909, and July 29, 1910; to one of them individually by reason of a judgment entered in said office on July 26, 1912; and to the petitioner individually by reason of the assignment to him of two judgments for costs in the mortgage foreclosure action to the credit of which the said surplus moneys were deposited, in the respective sums of $120.27 and $133.85 and respectively entered in said office on February 20, 1911, and April 11, 1912. He also alleges that the three judgments first above mentioned have been revived and kept alive by actions commenced within twenty years from the respective dates of entry thereof. The executors herein have filed no bond and the petitioner " believes " that if they " are permitted to receive

and distribute" such surplus moneys, he and the other claimants "may be without redress" and "it may be impossible for the said claimants to satisfy their judgments." He makes no reference to the "circumstances" of either respondent, but his attorney in an affidavit submitted March 29, 1933, alleges that "this proceeding is brought under the authority of section 97 of the Surrogate's Court Act," and that "the petitioner has known both the" respondents "for many years and believes that they are not of sufficient financial responsibility to protect the rights of the judgment creditors. In fact, both of them are believed by the petitioner to be of very inconsiderable means." If "petitioner" was used inadvertently for "deponent" or if the quoted allegations had been made by the petitioner, they would still fall far short of showing that the "circumstances" of either respondent "are such that they do not afford adequate security to the creditors * * * for the due administration" of the estate or fund. The petitioner is therefore not entitled to relief under section 99 of the Surrogate's Court Act. In the absence of proof to the contrary, it will be presumed that an executor will well, faithfully and honestly discharge the duties of his office. Under the statutes no executor is required to give a bond where his testator has expressly provided to the contrary (Surr. Ct. Act, § 169), unless he is brought within the provisions of sections 94, 97 or 99 of the Surrogate's Court Act. Letters testamentary have been issued to the respondents and neither section 94 nor section 97 is now applicable.

The respondents contend that all of said judgments, except those for costs, have been judicially determined to be invalid, that their validity is no longer open to question, that the law of the case now holds that they are invalid and that there is no practical reason for granting the relief sought herein. Their objections to the application are set forth in the affidavit of one of their attorneys, also submitted on March 29, 1933, in which he states that the claim of the petitioner on behalf of himself and any others whom he may represent will be rejected and disallowed by the executors herein.

These judgments were reviewed in a proceeding in the Supreme Court to obtain the surplus moneys, as to one-third of which this application is concerned. All the present claimants, as well as other claimants to such surplus, were before the court in that proceeding which was instituted by the respondents herein.

The referee found and concluded, *inter alia*, that all of said judgments, except the two small judgments for costs, were entered on confessions of judgment, were insufficiently established to be supported by valuable consideration of any kind to the defendants

therein named, and are invalid. He also reported that the present petitioner, in all the transactions in connection with the obtaining of said confession judgments, acted as attorney for the judgment creditors, and that at the time of obtaining them he was the attorney for the persons making such confessions of judgment. The referee's report was confirmed and payment to the respondents of one-third of the balance of such surplus moneys, after deducting therefrom the sum of $1,050 and interest, was directed, by an order of the Supreme Court in the county of New York on January 15, 1932. This order was unanimously affirmed by the Appellate Division (*Douglass* v. *Chisholm,* 236 App. Div. 668) and by the Court of Appeals (261 N. Y. 632).

The petitioner's attorney urges that the decision in the surplus moneys proceeding is *res adjudicata* only as to the finding and conclusion that the judgments were not liens against the surplus moneys therein, and in no way went to the merits of the judgments. The only opinion in that proceeding was handed down by I. Maurice Wormser, the referee. His report was confirmed and the order thereon was unanimously affirmed in both appellate courts, without opinion. I make no determination as to that question at this time in the present application for it should await the settlement of the respondents' account, which may be had immediately upon their receipt of the surplus moneys, and which is the proper occasion in this court for the trial of rejected claims. (Surr. Ct. Act, § 211.) If the judgments be then here held invalid, for any reason, and the claimants press their original claims, the respondent executors must interpose every lawful defense (*Matter of Schrier*, 147 Misc. 539, and cases cited therein), including the relevant Statute of Limitations.

The attorney for the petitioner states in his affidavit that the latter "has no desire to put the Executors to any unnecessary trouble or expense and suggests" that the mortgage, in which the greater part of the moneys have been invested by the chamberlain, remain with the latter by direction of this court under the provisions of section 106 of the Surrogate's Court Act. As I have concluded that there is nothing before me to warrant granting relief which might be granted in a proper case, such possibly equitable disposition cannot be made under the present circumstances

Application denied and stay vacated forthwith. Settle order.