In the Matter of the Estate of MARY ELIZABETH KENNEDY, Also Known as MARY E. KENNEDY, Deceased.

Surrogate's Court, Kings County, October 16, 1933.

*Walter & Wolff* [*Alfred A. Walter* of counsel], for the petitioner, Jeannette E. Henefey.

*John L. Danzilo*, for the executrix.

WINGATE, S. The present application to compel the filing of a bond by an executrix who has qualified and has for some time been acting under a will expressly stipulating that no security be required of her, runs counter to the familiar principle that "the courts will not undertake to make a better will nor name a better executor for the testator." (*Matter of Leland*, 219 N. Y. 387, 393.) As is said in *Matter of Bergdorf* (206 N. Y. 309, 312): "The intent of a testator as to how, when and by whom his estate shall be conserved, paid out and distributed will be, if needs be, strenuously searched for in the testamentary language and, when ascertained will be carried out in so far as it is not inimical to law."

In the instant case the testatrix named her daughter, to whom she gave the major portion of her estate, as executrix, expressly "directing that she serve without bond."

It is a familiar principle of law that the authority of an executor "is derived from the will and not from the letters testamentary issued by the surrogate." (*Hartnett* v. *Wandell*, 60 N. Y. 346, 350; *Matter of Walsh*, 147 Misc. 281, 284.) The present application, therefore, seeks to have the power thus expressly granted circumscribed in a manner directly contrary to the unmistakable directions of the person whose property is the subject-matter of the action by her chosen appointee.

Direct statutory authority for any such action is wholly lacking. Section 169 of the Surrogate's Court Act, to be sure, permits the exaction of security from certain specified testamentary fiduciaries "unless contrary to the express terms of the will," but, on the familiar principle of statutory construction *inclusio unius est exclusio alterius* (*Matter of Friday*, 148 Misc. 899), the inclusion of this limitation upon the authority of the court in this regard inferentially excludes the propriety of such a direction when the will makes a clear contrary stipulation.

It has accordingly been held that no bond can be required of an executor, in contravention of the terms of the will, where the fiduciary has qualified and is acting as such. (*Matter of Chauncey*, 101 Misc. 275, 276; *Matter of Van Deusen*, 111 id. 78, 84; *Matter of Chisholm*, HENDERSON, S., 147 id. 99, 101; *Matter of Chisholm*, WINGATE, S., 148 id. 158, 159; see, also, *Matter of Ughetta*, 176 App. Div. 651, 652.)

The only remedy open to the applicant would be to petition for the removal of the fiduciary under section 99 of the Surrogate's Court Act (*Matter of Chisholm*, 148 Misc. 158, 159; *Matter of Chauncey*, 101 id. 275, 276), if the facts of the case warranted such a course. Those presently alleged clearly do not, since there is no demonstration of financial irresponsibility of the executrix

(Subd. 6) and no claim that any waste of assets has occurred (Subd. 2), but merely an apprehension of such action. It is primary that the court will not indulge in a presumption of the dishonesty of a fiduciary. (*Matter of Roney*, 148 Misc. 70, 72; *Matter of Chisholm*, Id. 158, 159; *Matter of Spanier*, Id. 879.)

The sole reliance of the applicant is based on the language of the court in *Matter of Wischmann* (80 App. Div. 520) which affirmed the action of a former surrogate of this court in requiring a bond from a qualified and acting executor upon a demonstration of the insecurity of the assets of the estate in his hands. This decision might be dismissed as a pertinent authority in the present application on the fact that it does not appear that the will then before the court contained any direction that no security should be required, as is presently the fact. It may well be doubted, however, whether even had such a clause been inserted in that will, this court would be justified in following this decision in view of irreconcilably discordant decisions by the Court of Appeals. The *rationes decidendi* of the *Wischman* case were that the surrogate possessed authority under the forerunner of section 94 of the Surrogate Court Act upon a demonstration that the circumstances of the prospective appointee were not such as to afford adequate security to the assets of the estate, to refuse letters testamentary except upon the filing of a bond and since the court possessed the right " to open, vacate, modify, or set aside * * * a decree * * * for fraud, newly discovered evidence, clerical error, or other sufficient cause" (Surr. Ct. Act, § 20, subd. 6), it could, after the grant of letters, modify its decree by the requirement of a bond. The right of the court to open or modify its prior decree is, however, strictly conditioned upon a demonstration of the statutory prerequisites (*Matter of Tilden*, 98 N. Y. 434, 442; *Matter of Dunne*, 138 Misc. 840, 843, and cases cited), no compliance with which is intimated in the *Wischman* case. It would seem inevitable, therefore, that the second stated premise is legally untenable with the result that the conclusion is a *non sequitur*. The only basis on which the result therein is sustainable is on the theory that an actual demonstration of one of the statutory grounds permitting a modification of a decree was made, although not noted in the opinion of the court. If this theory be adopted, the case is further distinguishable from that at bar since no such demonstration has here been attempted.

It follows that the present application must be denied.

Proceed accordingly.