In the Matter of the Application of MODESTO BERARDINI, Individually and as Executor and Trustee under the Last Will and Testament of MICHAEL BERARDINI, Deceased, Appellant, to Remove JOHN J. PULLEYN, PHILIP BERARDINI and MICHAEL BERARDINI, as Executors and Trustees under Said Will.   JOHN J. PULLEYN and Others, Three of the Executors of and Trustees under the Last Will and Testament of MICHAEL BERARDINI, Deceased, and Others, Respondents. — Decree of the Surrogate's Court of Richmond county reversed on the law and the facts, with costs to appellant, payable out of the estate, and the matter remitted to the surrogate to take proof on and to decide the question whether the executors and trustees should be removed for reasons other than their failure to furnish an undertaking as provided for in the order of June 30, 1932.   The appellant, Modesto Berardini, made a petition for the removal of his coexecutors and trustees upon the ground of misconduct in office, and they in turn petitioned for his removal upon similar grounds.   The surrogate, however, removed all of them, not upon the grounds stated in the respective petitions, but upon the sole ground that they failed to furnish the undertaking provided for in the order in question.   Under the statute no executor or trustee is required to give a bond where his testator has expressly provided to the contrary (Surr. Ct. Act, § 169), unless he is brought within the provisions of sections 94, 97 or 99 of the Surrogate's Court Act.   Sections 94 and 97 do not apply.   Section 99 provides for the "Removal, or revocation of letters for disqualification or misconduct.   *   *   *.   6. In the case of an executor, who has not been required to give a bond, where his circumstances are such that they do not afford adequate security to the creditors or persons interested for the due administration of the estate."   (*Matter of Chauncey*, 101 Misc. 275; *Matter of*

*Chisholm,* 147 id. 99; 148 id. 158; *Matter of Kennedy,* 149 id. 188; *Matter of Ughetta,* 176 App. Div. 651.) The order of June 30, 1932, requiring the appellant to file a bond, was not made pursuant to that provision of the Surrogate's Court Act. There was no claim that the circumstances of the appellant were such that they did not afford adequate security to those interested in the estate, and that issue was not before the surrogate, and was not tried. Lazansky, P. J., Hagarty, Scudder and Tompkins, JJ., concur; Carswell, J., dissents and votes for affirmance, with the following memorandum: The irregularity in the procedure upon which the order requiring the furnishing of a bond was based did not make that order void, as there was jurisdiction in the court of both the subject-matter and of the parties affected thereby. Modesto Berardini did not appeal from that order and it is not specified in the notice of appeal from the decree under review. On the contrary, he attempted compliance with that order and acquiesced in it. He should not now be heard to question it after, in effect, invoking benefits under it, which position he changed only after he found that he was unable to qualify under the requirements of the order. Because of acquiescence in it by Modesto Berardini, and for the further reason that it is not an intermediate order specified in the notice of appeal contained in this record, that order and the effect thereof are not here for review, so that in effect it has become the law of the case even though founded on irregular procedure.