In the Matter of the Estate of MICHAEL H. SEXTON, Deceased.

Surrogate's Court, Oneida County, March 13, 1938.

*Sexton & Sexton,* for the petitioner.

*Jacob Tumposky,* special guardian of Howard Craig Sexton, Brian Sexton, Shirley Quinn, William Sexton, Catherine E. Sexton, Mason Douglas Sexton and Catherine Jean Sexton.

RINGROSE, S.   In 1924 Michael H. Sexton died, leaving a will executed September 22, 1922, which was admitted to probate by a decree of this court entered on October 7, 1924.   On the same day letters testamentary were issued to the executors nominated in said will.

By paragraphs " eighth," " ninth," " tenth," " eleventh " and " twelfth " of his will the testator devised certain specific parcels of the real property of which he died seized to his children, with the remainders over in each instance, in the event any of the devisees predeceased him.   The children survived the testator.   The specifically devised parcels of real property were subjected to a life estate for the testator's widow by paragraph " sixteenth " of his will, which provides as follows:

" *Sixteenth.* I hereby give and bequeath to my wife, Mattie F. Sexton, the total net income of all of my real estate for and during

the period of her natural life, she to use so much thereof as she may need to maintain her in her present station in life, and the balance remaining at the end of each year, I direct my trustees, hereinafter named, to use as follows:

" (1) Pay my obligations.

" (2) Pay the legacies of $500.00 each to my grandchildren as in my foregoing will provided.

" (3) Pay Warren's and Marguerite's respective legacies of $100.00 each, given to offset law office legacies to Howard and Mason.

" (4) Pay off mortgage on my wife's property, 124 Leah Street, Utica, N. Y.

" (5) After the foregoing FOUR provisions have been carried out, I direct my executors and trustees, hereinafter named, to apply any annual residue of the net income of all of my real estate which may be left, after my said wife has been fully provided for, and in a manner which she may wish, to the reduction of any of the mortgages which may be on any of the three trusteed pieces of real estate."

The life estate provided for in this paragraph of the will was terminated by the death of Mrs. Sexton on July 10, 1937.

In this proceeding the executors request a construction as to the effect of the provisions of paragraph " sixteenth," subdivided as (1), (2), (3), (4) and (5), on the title of the specifically devised real property, its marketability having apparently been questioned.

The court is not assisted in its consideration of the issues here presented by any extrinsic evidence offered in aid thereof, nor by briefs of counsel, except the report of the special guardian appointed on behalf of the infant parties to this proceeding. The matter was submitted on the pleadings.

It is the fundamental purpose of the court in any proceeding for the construction of a will to ascertain the testator's intention from the testamentary disposition as a whole. A pertinent circumstance to the instant proceeding is the fact that the testator was a prominent lawyer and a surrogate of this county for many years. This circumstance makes applicable to a determination of the question here raised that canon of construction which was succinctly stated by Surrogate GRANT in *Matter of Barrett* (141 Misc. 637, 638): " In examining that language we must take into consideration the fact that it was drawn by an experienced lawyer and must give to the words used their usual and accepted meanings without enlargement and without restriction (*Overheiser* v. *Lackey*, 207 N. Y. 229, 233; *Adams* v. *Massey*, 184 id. 62, 70), and when particular

or technical terms are used particular or technical interpretation or constructions follows as of course in the absence of all clear intent to the contrary. (*Matter of Catlin*, 97 Misc. 223, 227.) We must also keep in mind that no words used by the testator should be cast aside as meaningless, but that effect must be given if possible to every word and provision. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Matter of Briggs*, 180 App. Div. 752; *Matter of Hemstreet*, 101 Misc. 340; *Kent* v. *Fisk*, 151 App. Div. 279.) We must also keep in mind that it is the duty of the court ' to interpret, not to construct; to construe the will, not to make a new one.' (*Simpson* v. *Trust Co. of America*, 129 App. Div. 200, 203; *Herzog*, v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Tilden* v. *Green*, 130 id. 29, 51; *Eidt* v. *Eidt*, 203 id. 325, 328.) "

There appears no ambiguity of language or expression in the terms or provisions of the instant will. Full import must, therefore, be accorded to the implications derivable from the principles of law applicable to the technical language and phraseology of the instrument.

Consequently, it may be conclusively presumed that the testator, by paragraph " sixteenth," subdivision (1), intended to apply surplus income over and above the amount required by his widow to maintain her in the same station in life as she had been maintained during the lifetime of the testator, to the payment of the unsecured debts or obligations. Also, that the testator was fully aware that these claims would be barred by the Statute of Limitations at the expiration of seven years from the date of the issuance of letters testamentary, less such period as might elapse prior to his death. This statutory period having elapsed and there being no expressed intent on the part of the testator to toll the running of the statute, this direction is effectively disposed of and the claims, if any, yet unpaid are barred unless some proceeding has been commenced which in effect suspends the running of the statute. (Civ. Prac. Act, §§ 21, 48; *Matter of Whitcher*, 230 App. Div. 239.)

By paragraph " sixth " of his will the testator bequeathed to those of his grandchildren who survived him the sum of $500 each, the sum to be paid within one year after the death of his wife. Subdivision (2) of paragraph " sixteenth " presents a more difficult question. Pertinent to a determination of the testator's intent with regard to these specifically devised parcels of real property is the fact that he designated the surplus income as a fund from which the same should be paid but extending the time of payment for the period of one year after the termination of the life estate.

The question whether these demonstrative legacies must fail with the failure of income or whether they may be paid out of the general assets of the estate is governed by the rule laid down by Mr. Justice Haight in *Crawford* v. *McCarthy* (150 N. Y. 514, 519): " A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in the particular, that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate. (Willard, Eq. Jur. 502, 503; 2 Bouvier, Law Dict. [Rawle's ed.] 161, and authorities there cited.) "

Also applying the well-established rule, that where one estate is given in one part of an instrument in clear and decisive terms, said estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate, to the situation here presented, it is obvious that the testator had no intention of charging payment of the legacies to his grandchildren on the parcels of real property theretofore specifically devised in his will. (*Roseboom* v. *Roseboom*, 81 N. Y. 356.)

Further contributing to clarity of conception in this regard is the failure on the part of the testator to confer upon his executors any power of disposition of his real property, which is frequently relied upon as implying a charge upon the real estate of legacies otherwise impossible of payment. (*Carley* v. *Harper*, 219 N. Y. 295, 302; *Matter of Tuozzolo*, 141 Misc. 251; *Matter of Lilienthal*, 139 id. 225.)

The same reasoning is applicable to subdivisions (3), (4) and (5) of paragraph " sixteenth " of the will.

It is, therefore, determined that these directions for the payment of income do not warrant inference of an intent on the part of the testator to charge the same on the real property specifically devised.

As no accounting has ever been filed in this estate, it is impossible at this time to determine whether the legacies are to be paid out of the real property not specifically devised.

Decreed accordingly.