Maximilian Moss, S.
Testator gave Ms residuary estate in trust for the lifetime benefit of his wife, and upon her death in further trust for the benefit of his children until each arrived at the age of 26, when each was to be paid his or her distributive share. Testator’s wife predeceased him. He was survived by 10 children, 2 of whom had not attained their 26th birthday. Their respective shares, therefore, were to have been placed in separate trusts, under article “ TMrd ” of the will, until each reached the specified age. The other children, including Lucia, were each entitled to their share of the residuary estate as they were over 26 years old when testator died. The absolute gift of principal to Lucia, as a child of testator, under article “Third” of the will was not cut down by article “Sixth” thereof as article ‘ ‘ Fifth ’ ’ clearly evinces the primary purpose of the children’s trusts was the creation of a fund to educate them.
Under article “ Fourth ” of the will, the trustee and executors were given the power to sell all realty, which power is construed to have survived the termination of the two trusts for testator’s children (Cussack v. Tweedy, 126 N. Y. 81; Matter of Jones, 306 N. Y. 197), so as to permit distribution to all of the legatees. *501 The nominated trustee having qualified as executor and the executors not having accounted, letters of trusteeship will issue to the said nominated trustee upon qualifying according to law. The power of sale granted under article “ Fourth ” however, will be exercisable solely by the named trustee upon qualifying.
The respondents’ objections to the issuance of letters of trusteeship and to the exercise of the power of sale are dismissed, as is also their alternative prayer that the realty be sold as one parcel, which is a discretionary matter determinable by the trustee. The testator exonerated the executors and trustee from the requirement of posting bonds under article “ Seventh ” of his will, therefore the respondents’ objection that they post bonds is dismissed (Surrogate’s Ct. Act, § 169).
Settle order on notice.