Maximilian Moss, S.
In this probate proceeding a legatee and remainderman of a trust created in the propounded instrument joins in the prayer of the petition that the propounded instrument be admitted to probate, but seeks that one of two persons, nominated as executors and trustees in said instrument, be required to post a bond as a condition for his qualification; and a construction of a “ buy out ” agreement between the decedent and his brother to determine its validity and effect as a testamentary disposition.
The terms of the “ Eighth ” article of the propounded instrument which is dated March 5, 1958, specifically provide that the nominated fiduciaries shall not be required “ to file any bond, any law to the contrary notwithstanding.” By section 169 of the Surrogate’s Court Act a bond must be filed by an executor or trustee when required to hold, manage or invest property for the benefit of another, unless the will provides to. the contrary. The will, in this instance, which was executed only one year ago, contains a provision relieving the fiduciaries of this requirement. *1030 The court will not circumscribe the authorization unmistakably granted by the testator under the will, unless the proposed executor or trustee be brought within the provisions of sections 94, 97 or 99 of.the Surrogate’s Court Act, when a bond may be required (Matter of Berardini, 241 App. Div. 753; Matter of Kennedy, 149 Misc. 188; Matter of Chisholm, 147 Misc. 99). Probate of the propounded instrument is decreed. The application to require the posting of bond is denied. Problems of marshalling of trust assets and validity and effect of agreements will not be dealt with in this proceeding.
Settle decree on notice.