In the Matter of the Estate of SHIRLEY FEUERSTEIN, Deceased. BARRY FEUERSTEIN et al., Appellants. [48 NYS3d 356]—

Decree, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered on or about June 2, 2015, which, to the extent appealed from as limited by the brief, ordered a supplemental needs trust to be held and administered in accordance with the terms of a February 6, 2014 trust declaration and required petitioners to execute, file, and maintain a bond in the amount of $200,000, unanimously reversed, on the law, without costs, the bond requirement deleted, and Paragraph Fifth of the last will and testament of Shirley Feuerstein reformed so that it consists of the language in the petition, citation, and supplemental citation rather than the February 2014 trust declaration.

Surrogate's Court Procedure Act § 806 states, "Whenever a testamentary trustee is appointed by will or order of the court . . . , he shall *unless the will provides otherwise,* execute and file a bond" (emphasis added). In the case at bar, the will provides otherwise: it says that "no Executor or Trustee shall be required to file or furnish any bond." Therefore, the court should not have required petitioners to file a bond (*see Matter of Solomon,* 18 Misc 2d 1029 [Sur Ct, Kings County 1959]; *Matter of Ibelli,* 15 Misc 2d 499, 501 [Sur Ct, Kings County 1958]).

The February 2014 trust declaration was attached to a motion that was later withdrawn. "The effect of a withdrawal of a

motion is to leave the record as it stood prior to its filing as though it had not been made" (*Matter of Stoute v City of New York*, 91 AD2d 1043, 1044 [2d Dept 1983] [emphasis omitted], *lv dismissed* 59 NY2d 762 [1983]). Thus, the record should not have included the trust declaration that the court required petitioners to attach to the decree being appealed.

In addition, "[t]here is no authority to justify impressing on a testamentary trust a greater obligation than the testator himself would have, if he were alive" (*Matter of Maul v Fitzgerald*, 78 AD2d 706, 708 [3d Dept 1980]). There is no indication in the will that the testatrix wanted annual accountings for the trust that she established for her son. Courts have recognized that "[t]here is no statutory requirement that annual accountings be filed with the Court" (*Matter of Chierchia*, NYLJ, Feb. 11, 2010 at 37, col 5 [Sur Ct, Kings County]; *Matter of Maria M.*, NYLJ, Sept. 18, 2009 at 35, col 2 [Sur Ct, Kings County]) and that "[i]t is 'unnecessary to mandate an annual accounting and burden the trust with the inherent costs' " (*Chierchia*, quoting *Matter of Kaidirmaoglou*, NYLJ, Nov. 5, 2004 at 16, col 2 [Sur Ct, Suffolk County]; *see also Matter of Stawarz*, NYLJ, Apr. 10, 2013 at 30 [Sur Ct, Suffolk County]). Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.